E-filing

ORIGINAL
FILED
AUG -9 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   LINDBERGH PORTER, JR., CA Bar No. 100091
    lporter@littler.com
2   RICHARD H. RAHM, CA Bar No. 130728
    rrahm@littler.com
3   ALISON S. HIGHTOWER, CA Bar No. 112429
    ahightower@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California  94108.2693
6   Telephone:    415.433.1940
    Fax No.:      415.399.8490
7
    Attorneys for Defendant
8   Wells Fargo Bank, N.A.

9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

C10-03466

12   IRASEMA E. GREENE, KARYN RAE WINN,        Case No.
     JARROD D. OSBORNE, BRANDON LEE
13   DODD, NICOLE M. WIGGIN, BENJAMIN A.       **NOTICE OF REMOVAL OF CIVIL**
     MANGABAT, LAURA J. BICHE, EUNICE Y.       **ACTION TO FEDERAL COURT**
14   HONG MCLAUGHLIN, KIMBERLY
     PLOWMAN, SEAN MENDEZ, MARIO A.
15   MENDOZA, GRACIELA SANCHEZ,
     MANUEL ZARAGOZA, ROGER D.
16   VALLADARES, SAMIRA S. BADAWIYA,
     MARISA FRANCES TIJERINA, CRISTINA A.
17   FADGEN, DANNY MICHAEL KREUZ,
     ANDRE LANDZAAT, ROSE BATACAN,
18   CHRISTINE MENDEZ GEROCHI, LAURI
     LYNN CASAZZA, STANLEY WATKINS,
19   JARROD M. FASSIO, CHRISTINE
     SANCHEZ, KAREN L. FREITAS, JOSHUA
20   LOPEZ JR., FABIOLA AVILA, JESSICA
     FAIRBANKS, LISA DELONG, GERALD
21   WAYNE ALTIERI II, LESLIE VARGAS
     ROBERTS, NATHAN E. BROWNE, DARYL
22   WENRICH, MARIO GILBERT HERNANDEZ,
     ERIN A. KERR, ANGEL SANTIAGO, SOPHIE
23   FAITH EDDY, CHARLES J. RINALDI,
     KENNETH BRIAN BLASIC, ROSITA R.
24   LACANGLACANG, HEATHER A.
     HANNEMAN, MICHAEL R. SMITH, HENRY
25   CALERO, DAVID RIENTORD, KAREEN N.
     BERNARD, MARYAM M. GILLANY,
26   KRISTIE KATHLEEN CLARK, DONALD
     DUSATKO, TAWNY SUFFECOOL, KELLY
27   K. SHEETS, FAITH I. HUNTER, DANIELLE
     R. SMITH, GABRIEL A. SORENSON,
28   KATHERINE D. BANTIQUE, PAT

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

NOTICE OF REMOVAL

1    ALTHIZER, BANIPAL BETPAROO, JED L.
       LEAKE, GERALD D. PARKS, JOSE
2    PANIGBATAN, ROBERT A. YOUNG,
       PATRICK T. LARKIN, SHIRLEY L.
3    NICHOLS, HAROLD A BEHNKE, SAHAR
       MASARATI, WILLIAM J. MARCIANO JR.,
4    and ASHLEY COTTA, all individuals,

5               Plaintiffs,

6      v.

7    WELLS FARGO BANK, N.A., a Delaware
       corporation; and DOES 1 through 10, inclusive,
8
              Defendants.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

2   CALIFORNIA:

3          PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK, NATIONAL

4   ASSOCIATION ("Defendant"), hereby removes this action from the Superior Court of California

5   for the County of Alameda to the United States District Court for the Northern District of California.

6   This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

7   **I.      TIMELINESS OF REMOVAL**

8          1.      Following decertification of their overtime class action by the United States

9   District Court in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2010 U.S. Dist. Lexis

10  3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on June 25, 2010 and July 6, 2010, respectively,

11  filed in Alameda County Superior Court their Complaint and Amended Complaint, and on July 8,

12  2010, served on Wells Fargo, the instant Summons and Complaint entitled Irasema E. Greene, *et al*,

13  all individuals vs. Wells Fargo Bank, National Association, and Does 1 through 10, inclusive, case

14  number RC-10-522400 ("Complaint").  The Complaint alleges the following six purported causes of

15  action against Defendant: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid

16  Overtime); (2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);

17  (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon

18  Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During

19  Employment); (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements);

20  and (6) Violation of California Business & Professions Code §§ 17200, *et seq.*, alleged violation of

21  the Federal Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA").  The Complaint is the

22  initial pleading setting forth the claim for relief upon which this action is based and may be removed.

23  This Notice of Removal is being filed within thirty (30) days of defendant's notice of the complaint

24  being filed, as plaintiffs have not yet served the summons and complaint, and is timely filed pursuant

25  to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).

26          2.      Every process, pleading, and order served in this case is attached as Exhibit

27  "1" hereto, as required by 28 U.S.C. § 1446(a).

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                                              -1-

## II.   ORIGINAL JURISDICTION

### A.   This Court Has Jurisdiction.

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441(a) or (b) over Plaintiffs' Sixth Cause of Action because it arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. § 1331); and/or it arises under "any Act of Congress regulating commerce or protecting trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a State Court of which the district courts of the United States have original jurisdiction ..." (28 U.S.C. § 1441 (a)); and/or it is a  "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, laws or treaties of the United States ..." 28 U.S.C. § 1441(b).

4.     Plaintiff's Sixth Cause of Action alleges that "Defendants' policies and practices of failing to pay overtime and minimum wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." *Id.,* ¶ 61.  Those sections of the FLSA are the basic requirements for payment of minimum wage and overtime unless certain exemptions apply, e.g., 29 U.S.C. § 219(a); 29 C.F.R. § 541.2 (outside sales persons).  Plaintiffs also specifically allege that Defendant improperly classified persons employed as home mortgage consultants, loan originators, loan officers, mortgage specialists, reverse mortgage specialists and loan consultants as exempt from overtime pay. *Complaint* §§ 15, 17.  Plaintiffs "incorporate by reference and reallege" such claims in their Sixth Cause of Action. *Id.* § 58.

5.     Plaintiffs' procedural use of California Unfair Competition Law (Business and Professions Code Section 17200) does not convert their federal claim to a state claim.[1]  The Ninth Circuit and several district courts have recognized that a federal court should exercise federal question jurisdiction over a section 17200 claim that is based upon an alleged violation of federal law that requires interpretation of that federal law. *Brennan v. Southwest Airlines,* 134 F.3d 1405, 1409 (9th Cir. 2004) (federal jurisdiction upheld when Section 17200 claim in its essence required interpretation of federal tax codes) and *People ex rel. Lockyer v. Dynegy Power Marketing,* 375 F.3d

---

[1] Further, the "Artful Pleading Doctrine" bears Plaintiffs' claim to reveal its true substance as a federal claim.  See ¶¶ 10-13, *infra*.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

1    831, 841 n.6 (9th Cir. 2004) (since "the reference to and necessity of relying upon federal law is

2    unavoidable" to determine whether the plaintiffs acted "unlawfully" or "unfairly" under section

3    17200, federal jurisdiction upheld).

4           6.     In *National Credit Reporting Association, Inc. v. Experian Information*

5    *Solutions, Inc.*, 2004 U.S. Dist. Lexis 17303 (N.D. Cal. 2004), the plaintiff included no cause of

6    action labeled violation of the Sherman Act.  But Plaintiff did allege a UCL claim, based upon

7    "unlawful" conduct that "violates state and federal antitrust laws ...."  *Id.* at *3.  Noting that

8    "'Section 17200 borrows violations of other laws and treats them as unlawful practices that the

9    unfair competition law makes independently actionable'", the court found that Plaintiff squarely

10   alleged a violation of federal antitrust laws by its reliance on those federal laws as the "unfair,

11   unlawful and deceptive" acts to state its UCL claim. *Id.* at *8, *quoting Cel-Tech Communications,*

12   *Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999).  As the district court

13   explained:

14           As the master of its complaint, plaintiff could have avoided any issue
             of federal question and, instead, could have simply borrowed state
15           antitrust laws.  But it did not.  **Rather, plaintiff's claim for unlawful**
             **business practices necessarily rests on questions of federal**
16           **antitrust law.**

17   *Id.* at *8-9 (emphasis supplied).

18          7.     Relying on *National Credit Reporting Ass'n*, another California district court

19   also denied a motion to remand an action seeking restitution of overtime under section 17200 where

20   a violation of the FLSA was the "unlawful act" borrowed for purposes of the UCL.  *Wiley v.*

21   *Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal. May 3, 2005).  The court noted that

22   plaintiffs did not refute that he was pursuing his federal claim for overtime under the FLSA and the

23   analysis of whether defendant's sales personnel fall within the FLSA's "inside salesperson"

24   exemption.  "It is precisely this analysis that establishes federal question jurisdiction." *Id.* at *7-8

25   (emphasis supplied).

26          8.     Plaintiffs here—like the Plaintiffs in *Wiley*—allege a Section 17200 claim that

27   borrows purported violations of the FLSA as the asserted "unfair, unlawful and deceptive" acts.

28   Plaintiffs allege that "Defendants' policies and practices of failing to pay overtime and minimum

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE OF REMOVAL                                    -3-

1    wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Plaintiffs

2    also specifically allege that Defendant improperly classified persons employed as home mortgage

3    consultants, loan originators, loan officers, mortgage specialists, reverse mortgage specialists and

4    loan consultants as exempt from overtime pay: *Id.* ¶¶ 15, 17. Plaintiffs "incorporate by reference

5    and reallege" such claims in their Sixth Cause of Action. *Id.* ¶ 58.

6          9.     Since Plaintiffs' UCL claim necessarily rests on questions of federal wage and

7    hour law that must be resolved to determine whether they are entitled to restitution of overtime to

8    prevail in their Section 17200 claim, Plaintiffs have raised a substantial federal question and by so

9    doing, have granted this federal court jurisdiction to resolve these federal questions.

10   **B.     The "Artful Pleading" Doctrine Would Apply.**

11         10.    When a plaintiff does not plead a claim on its face based on federal law, a

12   federal court may nevertheless exercise removal under the "artful pleading" doctrine. *Arco*

13   *Environmental Remediation, LLC v. Dep't of Health & Environ. Qual. Of the State of Montana*, 213

14   F.3d 1108, 1114 (9th Cir. 2000). As the Ninth Circuit explained, "[a] plaintiff may not avoid federal

15   jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in

16   state terms a claim that can be made only under federal law." *Sparta Surgical Corp. v. National*

17   *Assoc. of Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998); *accord, Franchise Tax Bd. Of Calif. v.*

18   *Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983). The artful pleading

19   doctrine requires courts to "delve beyond the face of the state court complaint and find federal

20   question jurisdiction" by "recharacterizing a plaintiff's state-law claim as a federal claim." *Lippitt v.*

21   *Raymond James Fin. Serv., Inc.*, 350 F.3d 1033, 1040 (9th Cir. 2003).

22         11.    The artful pleading doctrine applies when "some substantial, disputed

23   question of federal law is a necessary element of one of the well –pleaded state claims. *Franchise*

24   *Tax Bd of California*, 463 U.S. at 13; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673, 70

25   S. Ct. 876 (1950); *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998). As a

26   corollary, the artful pleading doctrine also requires removal when the right to relief depends on the

27   resolution of a substantial, disputed federal question. *ARCO Environmental Remediation, LLC. v.*

28   *Dept of Health & Environmental Quality of State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

12.     Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' remaining causes of action because they are substantially related to their sixth cause of action. Because these causes of action arise from the same nucleus of operative facts as do the sixth cause of action, all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

**III.     VENUE**

13.     Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court of California, County of Alameda.

**IV.     NOTICE OF REMOVAL**

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Alameda.

WHEREFORE, Defendant respectfully requests this action be duly removed to this Court, and that it proceed herein.

Dated: August 7, 2010

_____
Lindbergh Porter, Jr.
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Wells Fargo Bank, N.A.

Firmwide:96389269.1 051995.1028

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

NOTICE OF REMOVAL

-5-

# Exhibit 1

**FILE BY FAX**

**ORIGINAL**

*8525119*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Monica Balderrama (196424); David Cheng (240926); Liana Beneli (256023)<br>Initiative Legal Group, APC.<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067 | |

TELEPHONE NO: **(310) 556-5637**    FAX NO.: **(310) 861-9051**
ATTORNEY FOR *(Name):* Plaintiffs, Irasema E. Greene, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

**FILED**
ALAMEDA COUNTY

JUN 2 5 2010

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

CASE NAME:
Greene, et al. v. Wells Fargo Bank, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: RG10522400 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 25, 2010
Liana Beneli
_____
(TYPE OR PRINT NAME)                    ► _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com



**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

IRASEMA E. GREENE; ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> **ALAMEDA COUNTY**
>
> JUN 2 5 2010
>
> CLERK OF THE SUPERIOR COURT
> By _M. Little R._
> Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California,<br><br>County of Alameda, Rene C. Davidson Courthouse, 1225 Fallon Street,<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**R G 1 0 5 2 2 4 0 0** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Liana Beneli, Initiative Legal Group, APC 1800 Century Park East, 2nd Floor, LA, CA 90067; 310.556.5637

| | | |
|---|---|---|
| DATE: June 25, 2010<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _M. Little_ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

*FILE BY FAX*

*ORIGINAL*

SUM-200(A)

| SHORT TITLE: Greene, et al. v. Wells Fargo Bank, N.A. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

IRASEMA E. GREENE, KARYN RAE WINN, JARROD D. OSBORNE, BRANDON LEE DODD, NICOLE M. WIGGIN, BENJAMIN A. MANGABAT, LAURA J. BICHE, EUNICE Y. HONG MCLAUGHLIN, KIMBERLY PLOWMAN, SEAN MENDEZ, MARIO A. MENDOZA, GRACIELA SANCHEZ, MANUEL ZARAGOZA, ROGER D. VALLADARES, SAMIRA S. BADAWIYA, MARISA FRANCES TIJERINA, CRISTINA A. FADGEN, DANNY MICHAEL KREUZ, ANDRE LANDZAAT, ROSE BATACAN, CHRISTINE MENDEZ GEROCHI, LAURI LYNN CASAZZA, STANLEY WATKINS, JARROD M. FASSIO, CHRISTINE SANCHEZ, KAREN L. FREITAS, JOSHUA LOPEZ JR., FABIOLA AVILA, JESSICA FAIRBANKS, LISA DELONG, GERALD WAYNE ALTIERI II, LESLIE VARGAS ROBERTS, NATHAN E. BROWNE, DARYL WENRICH, MARIO GILBERT HERNANDEZ, ERIN A. KERR, ANGEL SANTIAGO, SOPHIE FAITH EDDY, CHARLES J. RINALDI, KENNETH BRIAN BLASIC, ROSITA R. LACANGLACANG, HEATHER A. HANNEMAN, MICHAEL R. SMITH, HENRY CALERO, DAVID RIENTORD, KAREEN N. BERNARD, MARYAM M. GILLANY, KRISTIE KATHLEEN CLARK, DONALD DUSATKO, TAWNY SUFFECOOL, KELLY K. SHEETS, FAITH I. HUNTER, DANIELLE R. SMITH, GABRIEL A. SORENSON, KATHERINE D. BANTIQUE, PAT ALTHIZER, BANIPAL BETPAROO, JED L. LEAKE, GERALD D. PARKS, JOSE PANIGBATAN, ROBERT A. YOUNG, PATRICK T. LARKIN, SHIRLEY L. NICHOLS, HAROLD A. BEHNKE, SAHAR MASARATI, WILLIAM J. MARCIANO JR., and ASHLEY COTTA, all individuals,

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com


*8524967*

FILE BY FAX

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

ORIGINAL

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Attorneys for All Plaintiffs

**FILED**
ALAMEDA COUNTY

JUN 2 5 2010

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

IRASEMA E. GREENE, KARYN RAE WINN, JARROD D. OSBORNE, BRANDON LEE DODD, NICOLE M. WIGGIN, BENJAMIN A. MANGABAT, LAURA J. BICHE, EUNICE Y. HONG MCLAUGHLIN, KIMBERLY PLOWMAN, SEAN MENDEZ, MARIO A. MENDOZA, GRACIELA SANCHEZ, MANUEL ZARAGOZA, ROGER D. VALLADARES, SAMIRA S. BADAWIYA, MARISA FRANCES TIJERINA, CRISTINA A. FADGEN, DANNY MICHAEL KREUZ, ANDRE LANDZAAT, ROSE BATACAN, CHRISTINE MENDEZ GEROCHI, LAURI-LYNN CASAZZA, STANLEY WATKINS, JARROD M. FASSIO, CHRISTINE SANCHEZ, KAREN L. FREITAS, JOSHUA LOPEZ JR., FABIOLA AVILA, JESSICA FAIRBANKS, LISA DELONG, GERALD WAYNE ALTIERI II, LESLIE VARGAS ROBERTS, NATHAN E. BROWNE, DARYL WENRICH, MARIO GILBERT HERNANDEZ, ERIN A. KERR, ANGEL SANTIAGO, SOPHIE FAITH EDDY, CHARLES J. RINALDI, KENNETH BRIAN BLASIC, ROSITA R. LACANGLACANG, HEATHER A. HANNEMAN, MICHAEL R. SMITH, HENRY CALERO, DAVID RIENTORD, KAREEN N. BERNARD, MARYAM M. GILLANY, KRISTIE KATHLEEN CLARK, DONALD DUSATKO, TAWNY SUFFECOOL, KELLY K. SHEETS.

Case No. RG10522400

COMPLAINT FOR:

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);
(3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and
(6) Violation of California Business & Professions Code §§ 17200, et seq.

**Jury Trial Demanded**

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  FAITH I. HUNTER, DANIELLE R.
   SMITH, GABRIEL A. SORENSON,
2  KATHERINE D. BANTIQUE, PAT
   ALTHIZER, BANIPAL BETPAROO, JED
3  L. LEAKE, GERALD D. PARKS, JOSE
   PANIGBATAN, ROBERT A. YOUNG,
4  PATRICK T. LARKIN, SHIRLEY L.
   NICHOLS, HAROLD A. BEHNKE,
5  SAHAR MASARATI, WILLIAM J.
   MARCIANO JR., and ASHLEY COTTA,
6  all individuals,

7              Plaintiffs,

8  vs.

9  WELLS FARGO BANK, N.A., a Delaware
   corporation; and DOES 1 through 10,
10 inclusive,

11             Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each Plaintiff, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.  The amount in controversy is less than $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of attorneys' fees.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and some of the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.      Plaintiffs are residents of the State of California.  Plaintiffs were employed by the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

6.      Defendant WELLS FARGO BANK, N.A. was and is, upon information and belief, a business entity incorporated in Delaware and headquartered in San Francisco,

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, 2ND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   California, and at all times hereinafter mentioned an employer whose employees are engaged

2   throughout this county, the State of California, or the various states of the United States of

3   America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

4   headquartered outside of the State of California which sells and originates home mortgages

5   loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

6   California as HMCs to originate and produce mortgage loans.

7         7.    Plaintiffs are unaware of the true names or capacities of the Defendants sued

8   herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

9   such fictitiously named Defendants once their names and capacities become known.

10        8.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

11   are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

12   BANK, N. A. and/or WELLS FARGO BANK, N. A. and were acting on behalf of WELLS

13   FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. at all relevant times.

14        9.    Plaintiffs are informed and believe, and thereon allege, that each and all of the

15   acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

16   BANK, N. A. and/or WELLS FARGO BANK, N. A. and DOES 1 through 10 (collectively

17   "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

18   behalf. The acts of any and all Defendants were in accordance with, and represent, the official

19   policy of Defendants.

20        10.   At all relevant times, Defendants, and each of them, ratified each and every act

21   or omission complained of herein. At all relevant times, Defendants, and each of them, aided

22   and abetted the acts and omissions of each and all the other Defendants in proximately causing

23   the damages herein alleged.

24        11.   Plaintiffs are informed and believe, and thereon allege, that each of said

25   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

26   omissions, occurrences, and transactions alleged herein.

27                              **STATEMENT OF FACTS**

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    12.    At all relevant times set forth, Defendants employed Plaintiffs as commission

2    paid employees.

3    13.    Defendants have employed Plaintiffs, who began and ended employment on

4    different dates, as HMCs, which is a commission paid position, during the period from about

5    February 10, 2001 to the present, at Defendants' multiple locations throughout California.

6    14.    While employed as HMCs, Plaintiffs were engaged in originating, producing

7    and selling home loans.

8    15.    Defendants compensated Plaintiffs on a commission sales basis and did not

9    keep records of Plaintiffs' work hours or their activities. Defendants paid Plaintiffs based on

10   the loans that actually closed and recorded. Defendants never paid Plaintiffs any overtime or

11   premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours

12   per day and in excess of (40) hours per week. Rather, Defendants classified Plaintiffs as

13   exempt from overtime compensation.

14   16.    Defendants continue to employ commission paid employees within California.

15                              **GENERAL ALLEGATIONS**

16   17.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

17   should have known that Plaintiffs were entitled to receive certain wages for overtime

18   compensation and that they were not receiving certain wages for overtime compensation.

19   Defendants misclassified Plaintiffs as employees exempt from overtime because they received

20   sales commissions.

21   18.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

22   should have known that Plaintiffs were entitled to receive all meal periods or payment of one

23   additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely

24   uninterrupted meal period.

25   19.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

26   should have known that Plaintiffs were entitled to receive all rest periods or payment of one

27   additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

28

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

20.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

21.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to all commissions due to them, and that they did not receive all commissions due to them.

22.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive complete and accurate wage statements in accordance with California law and that they did not receive complete and accurate wage statements that included, among other things, total hours worked and all applicable hourly and overtime rates.

23.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that they were properly denied wages, all in order to increase Defendants' profits.

24.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

25.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 24.

26.   California Labor Code section 1198 and the applicable Industrial Welfare

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

2   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

3   rate of pay, depending on the number of hours worked by the person on a daily or weekly

4   basis.

5         27.     Specifically, the applicable IWC Wage Order provides that Defendants are and

6   were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

7   hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

8   for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

9   workweek.

10         28.     The applicable IWC Wage Order further provides that Defendants are and were

11   required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

12   in a day, overtime compensation at a rate of two times their regular rate of pay.

13         29.    California Labor Code section 510 codifies the right to overtime compensation

14   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18   of work.

19         30.    During the relevant time period, Plaintiffs consistently worked in excess of

20   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

21   hours in a week.

22         31.    During the relevant time period, Defendants willfully failed to pay all overtime

23   wages owed to Plaintiffs. Plaintiffs were misclassified as exempt from overtime

24   compensation when they should have been paid overtime compensation for time worked in

25   excess of eight (8) hours per day and/or forty (40) hours per week.

26         32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

27   compensation, as required by California laws, violates the provisions of California Labor

28

1   Code sections 510 and 1198, and is therefore unlawful.

2       33.   Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

3   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4                       **SECOND CAUSE OF ACTION**

5           **Violation of California Labor Code §§ 2800 and 2802**

6                       **(Against All Defendants)**

7       34.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8   material allegations set out in paragraphs 1 through 33.

9       35.   At all times herein set forth, California Labor Code sections 2800 and 2802

10  provide that an employer must reimburse employees for all necessary expenditures.

11      36.   Plaintiffs incurred necessary business-related expenses and costs that were not

12  fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone

13  expenses, and expenses for client meals, that resulted from their employment with Defendants.

14  Specifically, Defendants had, and continue to have, a policy and practice of requiring

15  employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had,

16  and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said

17  business-related expenses and costs.

18      37.   Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

19  for necessary business-related expenses and costs.

20      38.   Plaintiffs are entitled to recover from Defendants their business-related

21  expenses incurred during the course and scope of their employment, plus interest, pursuant to

22  California Labor Code sections 2800 and 2802.

23                      **THIRD CAUSE OF ACTION**

24          **Violation of California Labor Code §§ 201 and 202**

25                      **(Against All Defendants)**

26      39.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

27  material allegations set out in paragraphs 1 through 38.

28

COMPLAINT

40. At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41. During the relevant time period, Defendants willfully failed to pay Plaintiffs who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42. Defendants' failure to pay Plaintiffs who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44. Plaintiffs are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

45. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46. At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, 3RD FLOOR, LOS ANGELES, CALIFORNIA 90067

1   all wages earned by any person in any employment between the 1st and the 15th days,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the 16th and the 26th day of the month during which

4   the labor was performed.

5       47.   At all times herein set forth, California Labor Code section 204 provides that

6   all wages earned by any person in any employment between the 16th and the last day,

7   inclusive, of any calendar month, other than those wages due upon termination of an

8   employee, are due and payable between the 1st and the 10th day of the following month.

9       48.   At all times herein set forth, California Labor Code section 204 provides that

10  all wages earned for labor in excess of the normal work period shall be paid no later than the

11  payday for the next regular payroll period.

12      49.   During the relevant time period, Defendants willfully failed to pay Plaintiffs all

13  wages due to them, within any time period permissible by California Labor Code section 204.

14      50.   Plaintiffs are entitled to recover all remedies available for violations of

15  California Labor Code section 204.

16                    **FIFTH CAUSE OF ACTION**

17          **Violation of California Labor Code § 226(a)**

18              **(Against All Defendants)**

19      51.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20  material allegations set out in paragraphs 1 through 50.

21      52.   At all material times set forth herein, California Labor Code section 226(a)

22  provides that every employer shall furnish each of his or her employees an accurate itemized

23  wage statement in writing showing nine pieces of information, including all applicable hourly

24  rates, and total hours worked, among other things.

25      53.   Defendants have intentionally and willfully failed to provide employees with

26  complete and accurate wage statements. The deficiencies include, among other things, the

27  failure to include the total number of hours worked by Plaintiffs and the failure to list all

28

                      COMPLAINT

*INITIATIVE LEGAL GROUP APC*
*1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067*

1 | applicable hourly rates.

2 |     54.   As a result of Defendants' violation of California Labor Code section 226(a),

3 | Plaintiffs have suffered injury and damage to their statutorily-protected rights.

4 |     55.   Specifically, Plaintiffs have been injured by Defendants' intentional violation

5 | of California Labor Code section 226(a) because they were denied both their legal right to

6 | receive, and their protected interest in receiving, accurate, itemized wage statements under

7 | California Labor Code section 226(a).

8 |     56.   Plaintiffs are entitled to recover from Defendants the greater of their actual

9 | damages caused by Defendants' failure to comply with California Labor Code section 226(a),

10 | or an aggregate penalty not exceeding four thousand dollars per employee.

11 |     57.   Plaintiffs are also entitled to injunctive relief to ensure compliance with this

12 | section, pursuant to California Labor Code section 226(g).

13 | **SIXTH CAUSE OF ACTION**

14 | **Violation of California Business & Professions Code §§ 17200, et seq.**

15 | **(Against All Defendants)**

16 |     58.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

17 | material allegations set out in paragraphs 1 through 57.

18 |     59.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19 | unlawful, and harmful to Plaintiffs and to the general public. Plaintiffs seeks to enforce

20 | important rights affecting the public interest within the meaning of Code of Civil Procedure

21 | section 1021.5.

22 |     60.   Defendants' activities, as alleged herein, are violations of California law, and

23 | constitute unlawful business acts and practices in violation of California Business &

24 | Professions Code sections 17200, et seq.

25 |     61.   A violation of California Business & Professions Code sections 17200, et seq.

26 | may be predicated on the violation of any state or federal law. In this instant case,

27 | Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

28 |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 9

COMPLAINT

1  them proper compensation violates California Labor Code sections 510 and 1198.

2  Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

3  meal and rest periods without paying them proper compensation violate California Labor

4  Code sections 226.7 and 512(a).  Defendants' policies and practices of not reimbursing its

5  employees, including Plaintiffs, for business-related expenses and costs violate California

6  Labor Code sections 2800 and 2802.  Defendants' policies and practices of failing to timely

7  pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

8  Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

9  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

10        62.     Plaintiffs have been personally injured by Defendants' unlawful business acts

11  and practices as alleged herein, including but not necessarily limited to the loss of money

12  and/or property.

13        63.     Pursuant to California Business & Professions Code sections 17200, et seq.,

14  Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

15  period from about February 10, 2001 to the present; a permanent injunction requiring

16  Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

17  to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

18  of costs.

19                          **REQUEST FOR JURY TRIAL**

20        Plaintiffs request a trial by jury.

21                            **PRAYER FOR RELIEF**

22        Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

23  Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

24                        **As to the First Cause of Action**

25        1.      That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27  pay all overtime wages due to Plaintiffs;

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

2.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

5.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

6.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.    For unpaid wages and such general and special damages as may be appropriate;

8.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.    For all actual, consequential and incidental losses and damages, according to proof; and

10.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.    For all actual, consequential and incidental losses and damages, according to proof;

13.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1     14.   For pre-judgment interest on any unpaid wages from the date such amounts

2   were due; and

3     15.   For such other and further relief as the Court may deem equitable and

4   appropriate.

5                          **As to the Fourth Cause of Action**

6     16.   That the Court declare, adjudge and decree that Defendants violated California

7   Labor Code section 204 by willfully failing to pay all compensation owed at the time required

8   by California Labor Code section 204, to Plaintiffs;

9     17.   For all actual, consequential and incidental losses and damages, according to

10  proof;

11    18.   For pre-judgment interest on any untimely paid compensation, from the date

12  such amounts were due; and

13    19.   For such other and further relief as the Court may deem equitable and

14  appropriate.

15                          **As to the Fifth Cause of Action**

16    20.   That the Court declare, adjudge and decree that Defendants violated the record-

17  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18  as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

19    21.   For all actual, consequential and incidental losses and damages, according to

20  proof;

21    22.   For statutory penalties pursuant to California Labor Code section 226(e);

22    23.   For injunctive relief to ensure compliance with this section, pursuant to

23  California Labor Code section 226(g); and

24    24.   For such other and further relief as the Court may deem equitable and

25  appropriate.

26                          **As to the Sixth Cause of Action**

27    25.   That the Court declare, adjudge and decree that Defendants violated California

28

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, 2ND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

2   overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

3   failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

4   for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

5   failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

6   and 204;

7       26.    For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

8   day such amounts were due and payable;

9       27.    For the appointment of a receiver to receive, manage and distribute any and all

10   funds disgorged from Defendants and determined to have been wrongfully acquired by

11   Defendants as a result of violations of California Business & Professions Code sections 17200

12   et seq.;

13       28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14   California Code of Civil Procedure section 1021.5;

15       29.    For injunctive relief to ensure compliance with this section, pursuant to

16   California Business & Professions Code sections 17200, et seq.; and

17       30.    For such other and further relief as the Court may deem equitable and

18   appropriate.

19

20   Dated: June 25, 2010           Respectfully submitted,

21                         Initiative Legal Group APC

22

23   By: _____

24                 Mónica Balderrama
              David Cheng
              Liana Beneli

25                 Attorneys for All Plaintiffs

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Initiative Legal Group APC
Attn:  Beneli, Liana
1800 Century Park East
2nd Floor
Los Angeles, CA   90067____

# Superior Court of California, County of Alameda

| | |
|---|---|
| Greene | No. RG10522400 |
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| | Unlimited Jurisdiction |
| Wells Fargo Bank, N.A., a Delaware corporation | |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **11/08/2010** | Department: **302** | Judge:  **Patrick J. Zika** |
|---|---|---|
| Time:  **03:15 PM** | Location: George E. McDonald Hall of Justice | Clerk:  **Benilda Nelson** |
| | Second Floor | Clerk telephone:  **(510) 263-4302** |
| | **2233 Shoreline Drive, Alameda  CA  94501** | E-mail: |
| | | Dept.302@alameda.courts.ca.gov |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax:  **(510) 263-4330** |

### ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

   * Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov.**  No fee is charged for this service.  For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**
   †Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/30/2010.

By _____

Deputy Clerk

*Superior Court of California, County of Alameda*



*Notice of Assignment of Judge for All Purposes*

Case Number: RG10522400
Case Title:    Greene VS Wells Fargo Bank, N.A., a Delaware corporation
Date of Filing: 06/25/2010

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the
Local Rules of the Superior Court of California, County of Alameda, this action is
hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Patrick J. Zika |
| Department: | 302 |
| Address: | George E. McDonald Hall of Justice |
| | 2233 Shoreline Drive |
| | Alameda  CA  94501 |
| Phone Number: | (510) 263-4302 |
| Fax Number: | (510) 263-4330 |
| Email Address: | Dept.302@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including
trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6
must be exercised within the time period provided by law.  (See Govt. Code 68616(i);
Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th
488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY
OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location
except when the Court permits the lodging of material directly in the assigned department.
All documents, with the exception of the original summons and the original civil complaint,
shall have clearly typed on the face page of each document, under the case number, the
following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 302

Page 1 of 4

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents. Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing coundel and self-represented parties on a contemporaneous basis. If the communication requests a response from the court, e-mail addresses of all oposing counsel/self-represented parties shall be supplied in the original e-mail whenever available to the sender. When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format. Do not send the Court courtesy copy of any pleading unless specifically requested.

## Schedule for Department 302

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.

- Case Management Conferences are held: Initial Case Management Conference: Wednesdays and Thursdays at 3:15 p.m.

- Case Management Conference Continuances: Fridays at 9:00 a.m.

- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative Rulings, please see specifically Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 302 in a timely manner.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.

- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.302@alameda.courts.ca.gov

    Trial Management Compliance hearings and first day of trial:  Fridays at 2:00 p.m. Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m. and Fridays at 9:00 a.m.

- Ex Parte Matters
    Email:        Dept.302@alameda.courts.ca.gov

    Contact the clerk to reserve a date and time before noticing any party.

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 302
- Phone:  1-866-223-2244

Dated:  06/29/2010          *Yon L. Ralph* facsimile

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/30/2010

By _____
                    Deputy Clerk



**SUM-100**

**SUMMONS** *1st Amended Complaint*
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**F I L E D**
ALAMEDA COUNTY

JUL - 6 2010

CLERK OF THE SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IRASEMA E. GREENE; ADDITIONAL PARTIES ATTACHMENT
FORM IS ATTACHED

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Alameda, Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612 | RG10522400 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Liana Beneli, Initiative Legal Group, APC 1800 Century Park East, 2nd Floor, LA, CA 90067; 310.556.5637

| DATE: July 6, 2010 *(Fecha)* | PAT S. SWEETEN | Clerk, by | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Greene, et al. v. Wells Fargo Bank, N.A. | RG10522400 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

IRASEMA E. GREENE, KARYN RAE WINN, JARROD D. OSBORNE, BRANDON LEE DODD, NICOLE M. WIGGIN, BENJAMIN A. MANGABAT, LAURA J. BICHE, EUNICE Y. HONG MCLAUGHLIN, KIMBERLY PLOWMAN, SEAN MENDEZ, MARIO A. MENDOZA, GRACIELA SANCHEZ, MANUEL ZARAGOZA, ROGER D. VALLADARES, SAMIRA S. BADAWIYA, MARISA FRANCES TIJERINA, CRISTINA A. FADGEN, DANNY MICHAEL KREUZ, ANDRE LANDZAAT, ROSE BATACAN, CHRISTINE MENDEZ GEROCHI, LAURI LYNN CASAZZA, STANLEY WATKINS, JARROD M. FASSIO, CHRISTINE SANCHEZ, KAREN L. FREITAS, JOSHUA LOPEZ JR., FABIOLA AVILA, JESSICA FAIRBANKS, LISA DELONG, GERALD WAYNE ALTIERI II, LESLIE VARGAS ROBERTS, NATHAN E. BROWNE, ANTONIO J. BUSALACCHI, MARIO GILBERT HERNANDEZ, ERIN A. KERR, ANGEL SANTIAGO, SOPHIE FAITH EDDY, CHARLES J. RINALDI, KENNETH BRIAN BLASIC, ROSITA R. LACANGLACANG, HEATHER A. HANNEMAN, MICHAEL R. SMITH, HENRY CALERO, DAVID RIENTORD, KAREEN N. BERNARD, MARYAM M. GILLANY, KRISTIE KATHLEEN CLARK, DONALD DUSATKO, TAWNY SUFFECOOL, KELLY K. SHEETS, FAITH I. HUNTER, DANIELLE R. SMITH, GABRIEL A. SORENSON, KATHERINE D. BANTIQUE, PAT ALTHIZER, BANIPAL BETPAROO, MELISSA LYNN WATERS SPANEL, TERESA M. HOFFER, JOSE PANIGBATAN, DAVIN M. STANBURY, LUANNE M. RANDOLPH, ASHLEY HUBNIK, HAROLD A. BEHNKE, SAHAR MASARATI, WILLIAM J. MARCIANO JR., SHIRLEY L. NICHOLS, GLORIA MUNOZ, JULIO RUBEN MEDRANO, FIORELLA G. GIUSTI-BARRERA, KENNETH PORTER, PATRICK T. LARKIN, ROBERT A. YOUNG, GARRETT N. SMITH, GERALD D. PARKS, JED L. LEAKE, ERIC R. NOBLES SR., LISA M. MALDONADO, JENNIFER LENA STRAWN, JOANNA V. LOPEZ, EDNA GRAYBILL, SCOTT L. VISNAPUU, THOMAS WITTHAUER, LAVERNE M. JOHANSEN, DAVID MICHAEL AUTLER, HANK RHOADS, JANNI RODRIGUEZ, ILEANA A. GARAKANI, DORA E. SANCHEZ, MICHAEL ANTHONY GARCIA, CHRISTINA MICHELLE MUNGUIA, JULIE SOLANO, LIA NICHELLE MCGINNIS, SOFIA SANDOVAL, CAROL M. SASANO, RICHELLE J. YANES, BERNARD ISRAEL, and ASHLEY COTTA, all individuals,

Page  1  of  1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com



*8617776*

FILE BY FAX

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

ORIGINAL

1   Mónica Balderrama (SBN 196424)
    MBalderrama@InitiativeLegal.com
2   David Cheng (SBN 240926)
    DCheng@@InitiativeLegal.com
3   Liana Beneli (SBN 256023)
    LBeneli@InitiativeLegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:    (310) 556-5637
6   Facsimile:    (310) 861-9051

7   Attorneys for All Plaintiffs

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF ALAMEDA

10

11  IRASEMA E. GREENE, KARYN RAE
    WINN, JARROD D. OSBORNE,
12  BRANDON LEE DODD, NICOLE M.
    WIGGIN, BENJAMIN A. MANGABAT,
13  LAURA J. BICHE, EUNICE Y. HONG
    MCLAUGHLIN, KIMBERLY
14  PLOWMAN, SEAN MENDEZ, MARIO A.
    MENDOZA, GRACIELA SANCHEZ,
15  MANUEL ZARAGOZA, ROGER D.
    VALLADARES, SAMIRA S.
16  BADAWIYA, MARISA FRANCES
    TIJERINA, CRISTINA A. FADGEN,
17  DANNY MICHAEL KREUZ, ANDRE
    LANDZAAT, ROSE BATACAN,
18  CHRISTINE MENDEZ GEROCHI,
    LAURI LYNN CASAZZA, STANLEY
19  WATKINS, JARROD M. FASSIO,
    CHRISTINE SANCHEZ, KAREN L.
20  FREITAS, JOSHUA LOPEZ JR.,
    FABIOLA AVILA, JESSICA
21  FAIRBANKS, LISA DELONG, GERALD
    WAYNE ALTIERI II, LESLIE VARGAS
22  ROBERTS, NATHAN E. BROWNE,
    ANTONIO J. BUSALACCHI, MARIO
23  GILBERT HERNANDEZ, ERIN A. KERR,
    ANGEL SANTIAGO, SOPHIE FAITH
24  EDDY, CHARLES J. RINALDI,
    KENNETH BRIAN BLASIC, ROSITA R.
25  LACANGLACANG, HEATHER A.
    HANNEMAN, MICHAEL R. SMITH,
26  HENRY CALERO, DAVID RIENTORD,
    KAREEN N. BERNARD, MARYAM M.
27  GILLANY, KRISTIE KATHLEEN
    CLARK, DONALD DUSATKO, TAWNY
28  SUFFECOOL, KELLY K. SHEETS,

Case No.: RG10522400

FIRST AMENDED COMPLAINT FOR:

(1)  Violation of California Labor Code
     §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code
     §§ 2800 and 2802 (Unpaid Business
     Expenses);
(3)  Violation of California Labor Code
     §§ 201 and 202 (Wages Not Timely Paid
     Upon Termination);
(4)  Violation of California Labor Code § 204
     (Wages Not Timely Paid During
     Employment);
(5)  Violation of California Labor Code
     § 226(a) (Non-compliant Wage
     Statements); and
(6)  Violation of California Business &
     Professions Code §§ 17200, et seq.

**Jury Trial Demanded**

F I L E D
ALAMEDA COUNTY

JUL - 6 2010

CLERK OF THE SUPERIOR COURT

FIRST AMENDED COMPLAINT

FAITH I. HUNTER, DANIELLE R.
SMITH, GABRIEL A. SORENSON,
KATHERINE D. BANTIQUE, PAT
ALTHIZER, BANIPAL BETPAROO,
MELISSA LYNN WATERS SPANEL,
TERESA M. HOFFER, JOSE
PANIGBATAN, DAVIN M. STANBURY,
LUANNE M. RANDOLPH, ASHLEY
HUBNIK, HAROLD A. BEHNKE,
SAHAR MASARATI, WILLIAM J.
MARCIANO JR., SHIRLEY L. NICHOLS,
GLORIA MUNOZ, JULIO RUBEN
MEDRANO, FIORELLA G. GIUSTI-
BARRERA, KENNETH PORTER,
PATRICK T. LARKIN, ROBERT A.
YOUNG, GARRETT N. SMITH,
GERALD D. PARKS, JED L. LEAKE,
ERIC R. NOBLES SR., LISA M.
MALDONADO, JENNIFER LENA
STRAWN, JOANNA V. LOPEZ, EDNA
GRAYBILL, SCOTT L. VISNAPUU,
THOMAS WITTHAUER, LAVERNE M.
JOHANSEN, DAVID MICHAEL
AUTLER, HANK RHOADS, JANNI
RODRIGUEZ, ILEANA A. GARAKANI,
DORA E. SANCHEZ, MICHAEL
ANTHONY GARCIA, CHRISTINA
MICHELLE MUNGUIA, JULIE
SOLANO, LIA NICHELLE MCGINNIS,
SOFIA SANDOVAL, CAROL M.
SASANO, RICHELLE J. YANES,
BERNARD ISRAEL, and ASHLEY
COTTA, all individuals,

        Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a Delaware
corporation; and DOES 1 through 10,
inclusive,

        Defendants.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each Plaintiff, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.  The amount in controversy is less than $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of attorneys' fees.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and some of the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.     Plaintiffs are residents of the State of California.  Plaintiffs were employed by the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

6.     Defendant WELLS FARGO BANK, N.A. was and is, upon information and belief, a business entity incorporated in Delaware and headquartered in San Francisco,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

1  California, and at all times hereinafter mentioned an employer whose employees are engaged

2  throughout this county, the State of California, or the various states of the United States of

3  America.  Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

4  headquartered outside of the State of California which sells and originates home mortgages

5  loans.  Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

6  California as HMCs to originate and produce mortgage loans.

7      7.     Plaintiffs are unaware of the true names or capacities of the Defendants sued

8  herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

9  such fictitiously named Defendants once their names and capacities become known.

10     8.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

11  are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

12  BANK, N. A. and/or WELLS FARGO BANK, N. A. and were acting on behalf of WELLS

13  FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. at all relevant times.

14     9.     Plaintiffs are informed and believe, and thereon allege, that each and all of the

15  acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

16  BANK, N. A. and/or WELLS FARGO BANK, N. A.and DOES 1 through 10 (collectively

17  "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

18  behalf.  The acts of any and all Defendants were in accordance with, and represent, the official

19  policy of Defendants.

20     10.    At all relevant times, Defendants, and each of them, ratified each and every act

21  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

22  and abetted the acts and omissions of each and all the other Defendants in proximately causing

23  the damages herein alleged.

24     11.    Plaintiffs are informed and believe, and thereon allege, that each of said

25  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

26  omissions, occurrences, and transactions alleged herein.

27                        **STATEMENT OF FACTS**

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

12.   At all relevant times set forth, Defendants employed Plaintiffs as commission paid employees.

13.   Defendants have employed Plaintiffs, who began and ended employment on different dates, as HMCs, which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.   While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.   Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities. Defendants paid Plaintiffs based on the loans that actually closed and recorded. Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week. Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.   Defendants continue to employ commission paid employees within California.

### GENERAL ALLEGATIONS

17.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation. Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.   Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

20.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to all commissions due to them, and that they did not receive all commissions due to them.

22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive complete and accurate wage statements in accordance with California law and that they did not receive complete and accurate wage statements that included, among other things, total hours worked and all applicable hourly and overtime rates.

23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that they were properly denied wages, all in order to increase Defendants' profits.

24.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against All Defendants)

25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 24.

26.    California Labor Code section 1198 and the applicable Industrial Welfare

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

2    compensating them at a rate of pay either time-and-one-half or two-times that person's regular

3    rate of pay, depending on the number of hours worked by the person on a daily or weekly

4    basis.

5         27.    Specifically, the applicable IWC Wage Order provides that Defendants are and

6    were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

7    hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

8    for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

9    workweek.

10        28.    The applicable IWC Wage Order further provides that Defendants are and were

11   required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

12   in a day, overtime compensation at a rate of two times their regular rate of pay.

13        29.    California Labor Code section 510 codifies the right to overtime compensation

14   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18   of work.

19        30.    During the relevant time period, Plaintiffs consistently worked in excess of

20   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

21   hours in a week.

22        31.    During the relevant time period, Defendants willfully failed to pay all overtime

23   wages owed to Plaintiffs.  Plaintiffs were misclassified as exempt from overtime

24   compensation when they should have been paid overtime compensation for time worked in

25   excess of eight (8) hours per day and/or forty (40) hours per week.

26        32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

27   compensation, as required by California laws, violates the provisions of California Labor

28

Page 5

FIRST AMENDED COMPLAINT

1   Code sections 510 and 1198, and is therefore unlawful.

2       33.     Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

3   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4                               **SECOND CAUSE OF ACTION**

5                   **Violation of California Labor Code §§ 2800 and 2802**

6                               **(Against All Defendants)**

7       34.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8   material allegations set out in paragraphs 1 through 33.

9       35.     At all times herein set forth, California Labor Code sections 2800 and 2802

10  provide that an employer must reimburse employees for all necessary expenditures.

11      36.     Plaintiffs incurred necessary business-related expenses and costs that were not

12  fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone

13  expenses, and expenses for client meals, that resulted from their employment with Defendants.

14  Specifically, Defendants had, and continue to have, a policy and practice of requiring

15  employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had,

16  and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said

17  business-related expenses and costs.

18      37.     Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

19  for necessary business-related expenses and costs.

20      38.     Plaintiffs are entitled to recover from Defendants their business-related

21  expenses incurred during the course and scope of their employment, plus interest, pursuant to

22  California Labor Code sections 2800 and 2802.

23                               **THIRD CAUSE OF ACTION**

24                   **Violation of California Labor Code §§ 201 and 202**

25                               **(Against All Defendants)**

26      39.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the

27  material allegations set out in paragraphs 1 through 38.

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

40.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.     During the relevant time period, Defendants willfully failed to pay Plaintiffs who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42.     Defendants' failure to pay Plaintiffs who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44.     Plaintiffs are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

45.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46.     At all times herein set forth, California Labor Code section 204 provides that

FIRST AMENDED COMPLAINT

1  all wages earned by any person in any employment between the 1st and the 15th days,

2  inclusive, of any calendar month, other than those wages due upon termination of an

3  employee, are due and payable between the 16th and the 26th day of the month during which

4  the labor was performed.

5      47.    At all times herein set forth, California Labor Code section 204 provides that

6  all wages earned by any person in any employment between the 16th and the last day,

7  inclusive, of any calendar month, other than those wages due upon termination of an

8  employee, are due and payable between the 1st and the 10th day of the following month.

9      48.    At all times herein set forth, California Labor Code section 204 provides that

10  all wages earned for labor in excess of the normal work period shall be paid no later than the

11  payday for the next regular payroll period.

12      49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

13  wages due to them, within any time period permissible by California Labor Code section 204.

14      50.    Plaintiffs are entitled to recover all remedies available for violations of

15  California Labor Code section 204.

16  **FIFTH CAUSE OF ACTION**

17  **Violation of California Labor Code § 226(a)**

18  **(Against All Defendants)**

19      51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20  material allegations set out in paragraphs 1 through 50.

21      52.    At all material times set forth herein, California Labor Code section 226(a)

22  provides that every employer shall furnish each of his or her employees an accurate itemized

23  wage statement in writing showing nine pieces of information, including all applicable hourly

24  rates, and total hours worked, among other things.

25      53.    Defendants have intentionally and willfully failed to provide employees with

26  complete and accurate wage statements.  The deficiencies include, among other things, the

27  failure to include the total number of hours worked by Plaintiffs and the failure to list all

28

*FIRST AMENDED COMPLAINT*

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   applicable hourly rates.

2      54.   As a result of Defendants' violation of California Labor Code section 226(a),

3   Plaintiffs have suffered injury and damage to their statutorily-protected rights.

4      55.   Specifically, Plaintiffs have been injured by Defendants' intentional violation

5   of California Labor Code section 226(a) because they were denied both their legal right to

6   receive, and their protected interest in receiving, accurate, itemized wage statements under

7   California Labor Code section 226(a).

8      56.   Plaintiffs are entitled to recover from Defendants the greater of their actual

9   damages caused by Defendants' failure to comply with California Labor Code section 226(a),

10  or an aggregate penalty not exceeding four thousand dollars per employee.

11     57.   Plaintiffs are also entitled to injunctive relief to ensure compliance with this

12  section, pursuant to California Labor Code section 226(g).

13              **SIXTH CAUSE OF ACTION**

14  **Violation of California Business & Professions Code §§ 17200, et seq.**

15              **(Against All Defendants)**

16     58.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

17  material allegations set out in paragraphs 1 through 57.

18     59.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19  unlawful, and harmful to Plaintiffs and to the general public. Plaintiffs seeks to enforce

20  important rights affecting the public interest within the meaning of Code of Civil Procedure

21  section 1021.5.

22     60.   Defendants' activities, as alleged herein, are violations of California law, and

23  constitute unlawful business acts and practices in violation of California Business &

24  Professions Code sections 17200, et seq.

25     61.   A violation of California Business & Professions Code sections 17200, et seq.

26  may be predicated on the violation of any state or federal law. In this instant case,

27  Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  them proper compensation violates California Labor Code sections 510 and 1198.

2  Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

3  meal and rest periods without paying them proper compensation violate California Labor

4  Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its

5  employees, including Plaintiffs, for business-related expenses and costs violate California

6  Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely

7  pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

8  Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

9  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

10      62.      Plaintiffs have been personally injured by Defendants' unlawful business acts

11  and practices as alleged herein, including but not necessarily limited to the loss of money

12  and/or property.

13      63.      Pursuant to California Business & Professions Code sections 17200, et seq.,

14  Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

15  period from about February 10, 2001 to the present; a permanent injunction requiring

16  Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

17  to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

18  of costs.

19                              **REQUEST FOR JURY TRIAL**

20      Plaintiffs request a trial by jury.

21                                  **PRAYER FOR RELIEF**

22      Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

23  Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

24                          **As to the First Cause of Action**

25      1.      That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27  pay all overtime wages due to Plaintiffs;

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    2.    For general unpaid wages at overtime wage rates and such general and special

2   damages as may be appropriate;

3    3.    For pre-judgment interest on any unpaid overtime compensation commencing

4   from the date such amounts were due;

5    4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

6   California Labor Code section 1194(a); and

7    5.    For such other and further relief as the Court may deem equitable and

8   appropriate.

9                    **As to the Second Cause of Action**

10    6.    That the Court declare, adjudge and decree that Defendants violated California

11   Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses

12   owed to Plaintiffs;

13    7.    For unpaid wages and such general and special damages as may be appropriate;

14    8.    For pre-judgment interest on any unpaid wages from the date such amounts

15   were due;

16    9.    For all actual, consequential and incidental losses and damages, according to

17   proof; and

18    10.    For such other and further relief as the Court may deem equitable and

19   appropriate.

20                    **As to the Third Cause of Action**

21    11.    That the Court declare, adjudge and decree that Defendants violated California

22   Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the

23   time of termination of the employment of Plaintiffs no longer employed by Defendants.

24    12.    For all actual, consequential and incidental losses and damages, according to

25   proof;

26    13.    For statutory wage penalties pursuant to California Labor Code section 203 for

27   Plaintiffs who have left Defendants' employ;

28

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

17.     For all actual, consequential and incidental losses and damages, according to proof;

18.     For pre-judgment interest on any untimely paid compensation, from the date such amounts were due; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

20.     That the Court declare, adjudge and decree that Defendants violated the record-keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

21.     For all actual, consequential and incidental losses and damages, according to proof;

22.     For statutory penalties pursuant to California Labor Code section 226(e);

23.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

24.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated California

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

1   Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

2   overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

3   failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

4   for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

5   failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

6   and 204;

7          26.    For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

8   day such amounts were due and payable;

9          27.    For the appointment of a receiver to receive, manage and distribute any and all

10  funds disgorged from Defendants and determined to have been wrongfully acquired by

11  Defendants as a result of violations of California Business & Professions Code sections 17200

12  et seq.;

13         28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14  California Code of Civil Procedure section 1021.5;

15         29.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Business & Professions Code sections 17200, et seq.; and

17         30.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19

20  Dated: July 6, 2010                    Respectfully submitted,

21                                         Initiative Legal Group APC

22

23                               By:  _Liana Beneli_____
                                       Mónica Balderrama
24                                     David Cheng
                                       Liana Beneli
25
                                       Attorneys for All Plaintiffs
26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067



1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:    (310) 556-5637
6  Facsimile:    (310) 861-9051

7  Attorneys for All Plaintiffs

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11  IRASEMA E. GREENE, KARYN RAE WINN,      Case No.: RG10522400
    JARROD D. OSBORNE, BRANDON LEE
12  DODD, NICOLE M. WIGGIN, BENJAMIN A.     ASSIGNED FOR ALL PURPOSES TO:
    MANGABAT, LAURA J. BICHE, EUNICE Y.     Hon. Patrick J. Zika
13  HONG MCLAUGHLIN, KIMBERLY
    PLOWMAN, SEAN MENDEZ, MARIO A.          PROOF OF SERVICE OF SUMMONS
14  MENDOZA, GRACIELA SANCHEZ,              AND COMPLAINT ON WELLS FARGO
    MANUEL ZARAGOZA, ROGER D.               BANK, N.A.
15  VALLADARES, SAMIRA S. BADAWIYA,
    MARISA FRANCES TIJERINA, CRISTINA A.    Place:   George E. McDonald Hall of Justice,
16  FADGEN, DANNY MICHAEL KREUZ,                     2nd floor, Department 302
    ANDRE LANDZAAT, ROSE BATACAN,
17  CHRISTINE MENDEZ GEROCHI, LAURI
    LYNN CASAZZA, STANLEY WATKINS,
18  JARROD M. FASSIO, CHRISTINE
    SANCHEZ, KAREN L. FREITAS, JOSHUA
19  LOPEZ JR., FABIOLA AVILA, JESSICA
    FAIRBANKS, LISA DELONG, GERALD
20  WAYNE ALTIERI II, LESLIE VARGAS
    ROBERTS, NATHAN E. BROWNE,
21  ANTONIO J. BUSALACCHI, MARIO
    GILBERT HERNANDEZ, ERIN A. KERR,
22  ANGEL SANTIAGO, SOPHIE FAITH EDDY,
    CHARLES J. RINALDI, KENNETH BRIAN
23  BLASIC, ROSITA R. LACANGLACANG,
    HEATHER A. HANNEMAN, MICHAEL R.
24  SMITH, HENRY CALERO, DAVID
    RIENTORD, KAREEN N. BERNARD,
25  MARYAM M. GILLANY, KRISTIE
    KATHLEEN CLARK, DONALD DUSATKO,
26  TAWNY SUFFECOOL, KELLY K. SHEETS,
    FAITH I. HUNTER, DANIELLE R. SMITH,
27  GABRIEL A. SORENSON, KATHERINE D.
    BANTIQUE, PAT ALTHIZER, BANIPAL
28  BETPAROO, MELISSA LYNN WATERS

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.

SPANEL, TERESA M. HOFFER, JOSE
PANIGBATAN, DAVIN M. STANBURY,
LUANNE M. RANDOLPH, ASHLEY
HUBNIK, HAROLD A. BEHNKE, SAHAR
MASARATI, WILLIAM J. MARCIANO JR.,
SHIRLEY L. NICHOLS, GLORIA MUNOZ,
JULIO RUBEN MEDRANO, FIORELLA G.
GIUSTI-BARRERA, KENNETH PORTER,
PATRICK T. LARKIN, ROBERT A. YOUNG,
GARRETT N. SMITH, GERALD D. PARKS,
JED L. LEAKE, ERIC R. NOBLES SR.,
LISA M. MALDONADO, JENNIFER LENA
STRAWN, JOANNA V. LOPEZ, EDNA
GRAYBILL, SCOTT L. VISNAPUU,
THOMAS WITTHAUER, LAVERNE M.
JOHANSEN, DAVID MICHAEL AUTLER,
HANK RHOADS, JANNI RODRIGUEZ,
ILEANA A. GARAKANI, DORA E.
SANCHEZ, MICHAEL ANTHONY GARCIA,
CHRISTINA MICHELLE MUNGUIA, JULIE
SOLANO, LIA NICHELLE MCGINNIS,
SOFIA SANDOVAL, CAROL M. SASANO,
RICHELLE J. YANES, BERNARD ISRAEL,
and ASHLEY COTTA, all individuals,

Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a Delaware
corporation; and DOES 1 through 10, inclusive,

Defendants.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.

**TO THE HONORABLE COURT:**

1

2        Defendant Wells Fargo Bank, N.A. was personally served with the Summons, Initial

3  Complaint, Summons on First Amended Complaint, First Amended Complaint and

4  accompanying documents on July 8, 2010 by effectuating service on its agent for service of

5  process.

6        Attached as Exhibit A is a true and correct copy of the Proof of Service on Defendant

7  Wells Fargo Bank, N.A.

8

9  Dated: July 14, 2010              Respectfully submitted,

10                          Initiative Legal Group APC

11

12                    By:

13                          Monica Balderrama
                              David Cheng

14                          Liana Beneli

15                          Attorneys for All Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK, N.A.

# EXHIBIT A

| Attorney or Party without Attorney:<br>INITIATIVE LEGAL GROUP<br>1800 CENTURY PARK EAST<br>2ND FLOOR<br>LOS ANGELES, CA 90067<br>Telephone No: 310-556-5637        FAX No: 310-861-9051 | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |
| Attorney for: Plaintiff | |

Insert name of Court, and Judicial District and Branch Court:
ALAMEDA COUNTY SUPERIOR COURT - OAKLAND

Plaintiff: IRASEMA E. GREENE, et al.
Defendant: WELLS FARGO BANK, N.A.

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>RG10522400 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER; NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES; FIRST AMENDED COMPLAINT; SUMMONS ON 1ST AMENDED COMPLAINT

3. a. *Party served:*          WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
   b. *Person served:*         BECKY DEGEORGE, AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*     CSC LAWYERS INCORPORATED
                                             2730 GATEWAY OAKS DRIVE
                                             SUITE 100
                                             SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jul. 08, 2010 (2) at: 1:20PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   on *behalf of:* WELLS FARGO BANK, N.A., A DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JENICE ROSSNER                          d.  *The Fee for Service was:*
   b. PROLEGAL                                e.  I am: (3) registered California process server
      1706 S. FIGUEROA ST.                        *(i)*  Independent Contractor
      LOS ANGELES, CA 90015                       *(ii)*  *Registration No.:*        98-02
   c. 213-481-8100                                *(iii)* *County:*               Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jul. 09, 2010

Judicial Council Form POS-010              PROOF OF SERVICE                    *(JENICE ROSSNER)*
Rule 2.150.(a)&(b) Rev January 1, 2007     SUMMONS & COMPLAINT                              *3671051.ltfile.39176*

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen
4    (18) and not a party to this action.  My business address is: Initiative Legal Group APC, 1800
     Century Park East, Second Floor, Los Angeles, California 90067.
5
6         On July 14, 2010, I served the within document(s) described below as:

7    **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON WELLS FARGO BANK,**
     **N.A.**
8
9    on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes
     addressed as follows:

10
          Lindbergh Porter, Jr.
11        Littler Mendelson, P.C.
          650 California Street, 20th Floor
12        San Francisco, California 94108-2693

13   **(X)**   **MAIL:** I deposited such envelope in the mail at Los Angeles, California.  The envelopes
              were mailed with postage thereon fully prepaid.
14   **( )**   **PERSONAL:**  I caused such envelope to be delivered by hand to the individuals at the
              address listed above.
15   **( )**   **OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered
              via overnight courier service (FedEx) to the individuals at the address listed above.
16   **( )**   **FACSIMILE:**  I caused the above-referenced document(s) to be transmitted to the above-
              named person at the telephone numbers above.
17
18   **(X)**   **(STATE)** I declare under penalty of perjury under the laws of the State of California that
              the above is true and correct.
19
          **EXECUTED** this document on July 14, 2010, at Los Angeles, California.
20

21

22                                                        _Sandra Petkov_
                                                          Sandra Petkov
23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067