1  LINDBERGH PORTER, Bar No. 100091
   RICHARD H. RAHM, Bar No. 130728
2  ALISON S. HIGHTOWER, Bar No. 112429
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10  IRASEMA E. GREENE, ET AL.,          Case No.  C10-03466-SI

11              Plaintiffs,             **DEFENDANT'S OPPOSITION TO
                                        PLAINTIFF'S MOTION TO REMAND**
12       v.
                                        Date:     October 1, 2010
13  WELLS FARGO BANK, N.A., a Delaware  Time:     9:00 a.m.
    corporation; and DOES 1 through 10, Judge:    Hon. Susan Illston
14  inclusive,                          Dept:     Ctrm. 10, 19th Floor

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND                        CASE NO. C10-03466-SI

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ...........................................................................................3

    A. The Mevorah Action Was Removed To Federal Court, Which Certified A Class Of California HMCs To Adjudicate FLSA Claims. ............................................3

    B. The Ninth Circuit Decision Decertified The California Class. ...................................3

    C. Individual HMC Lawsuits Challenging Their Classification Are Pending In Federal Court. ..........................................................................................................4

    D. ILG Files The Present Action In Several State Courts To Avoid Federal Jurisdiction. ...............................................................................................................4

    E. Wells Fargo Removed This Action To Federal Court And ILG Admits It Would Be Malpractice To Omit Its Federal Claim. ...................................................5

III. ARGUMENT ...................................................................................................................5

    A. Wells Fargo Is Entitled To Remove The Complaint Because Plaintiff's Sixth Cause Of Action Arises Under Federal Law. .............................................................5

        1. Plaintiffs' Sixth Cause Of Action For Violation Of The FLSA Creates The Federal Cause Of Action. ...........................................................6

        2. Likewise, Because Plaintiffs' Right To Relief Necessarily Depends On A Resolution Of The FLSA, Removal Was Proper And Plaintiffs' Motion To Remand Should Be Denied. ..........................................7

    B. In Any Event, The Artful Pleading Doctrine Permits Removal Of This Action Based On Plaintiffs' Allegations Seeking Overtime And Minimum Wage Under Federal Law. ...................................................................................................9

        1. A Plaintiff Cannot Defeat Removal By Disguising A Federal Claim As A State Claim. .....................................................................................9

        2. Like Wiley And National Credit, Plaintiffs Here Raise Substantial Disputed Issues Regarding The FLSA. ....................................................10

            a. The FLSA Violation Is Central To Plaintiffs' Claim For Overtime Under Either State Or Federal Law. .................................10

            b. Indeed, The FLSA Is Central To All Of Plaintiffs' Causes Of Action Save One. ....................................................................11

            c. The Williams Decision Should Not Be Followed Because That Court Misconstrued The Facts And The Law. ..................................13

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

       d.     Plaintiffs Mistakenly Rely Upon Case Authority Where Plaintiffs Did Not Present Substantial Federal Questions For Resolution. .................................................................................14

   C.    Supplemental Jurisdiction Is Appropriate Since Plaintiffs Concede Their State Law Claims Are Intertwined With Their Federal Claim. ..........................................17

IV.    CONCLUSION...............................................................................................................17

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*American Int'l Adjustment Co. v. Galvin,*
86 F. 3d 1455 (7th Cir. 1996) ...................................................................6

*Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual. Of the State of Montana,*
213 F. 3d 1108 (9th Cir. 2000) .................................................................9

*Bautista v. Los Angeles County,*
216 F. 3d 837 (9th Cir. 2000) ...................................................................6

*Brennan v. Southwest Airlines,*
134 F. 3d 1405 (9th Cir. 2004) .................................................................8

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
20 Cal. 4th 163 (1999) ..............................................................................8

*Colson v. Avnet, Inc.,*
687 F. Supp. 2d 914 (D. Ariz. 2010) ......................................................12

*Elliot v. Spherion Pacific Work,*
572 F. Supp. 2d 1169 (C.D. Cal. 2008) ..................................................12

*Franchise Tax Board v. Construction Laborers Vacation Trust,*
463 U.S. 1, 27-28 (1983) ...................................................................5, 7, 9

*Hansen v. Blue Cross of California,*
891 F.2d 1384 (9th Cir. 1989) .................................................................9

*Hendricks v. Dynegy Power Marketing, Inc.,*
160 F. Supp. 2d 1155 (S.D. Cal. 2001) ...................................................7

*In re Wells Fargo Home Mortgage Overtime Pay Litigation,*
2010 U.S. Dist. LEXIS 3132 (N.D. Cal., Jan. 12, 2010) ......................1, 3

*In re Wells Fargo Home Mortgage Overtime Pay Litigation,*
571 F. 3d 953 (9th Cir. 2009) ...................................................................3

*Langford v. Gates,*
610 F. Supp. 120 (C.D. Cal. 1985) ...........................................................6

*Lippitt v. Raymond James Financial Services,*
340 F. 3d 1033 (9th Cir. 2003) ......................................................9, 15, 16

*National Credit Reporting Assn. v. Experian Information Solutions, Inc.,*
2004 U.S. Dist. Lexis 17303 (N.D. Cal., July 21, 2004).......6, 7, 8, 9, 10, 17, 18

*People ex rel. Lockyer v. Dynegy Power Marketing,*
375 F. 3d 831 (9th Cir. 2004) ...................................................................8

*Rains v. Criterion Systems, Inc.,*
80 F. 3d 339 (9th Cir. 1995) ....................................................................16

*Roskind v. Morgan Stanley Dean Witter,*
165 F.Supp.2d 1059 (N.D. Cal. 2001) ....................................................15

*Skelly Oil Co. v. Phillips Petroleum Co.,*
339 U.S. 667, 673, 70 S. Ct. 876 (1950) ..................................................9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*United Mine Workers of America v. Gibbs*,
383 U.S. 715 (1966) ...................................................................................................17

*Vinole v. Countrywide Home Loans, Inc.*,
571 F. 3d 935 (9th Cir. 2009) .......................................................................................3

*Wiley v. Trendwest Resorts, Inc.*,
2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005)...................................... 8, 10, 17

*Williamson v. General Dynamics Corp.*,
208 F.3d 1144 (9th Cir. 2000) .....................................................................................12

*Wood v. TriVita, Inc.*,
2008 U.S. Dist. Lexis 109368 (D. Ariz. Sep. 17, 2008) ...............................................12

## STATUTES

28 U.S.C. § 1441(b) .....................................................................................................5

28 U.S.C. § 1441(c) .....................................................................................................6

29 C.F.R. § 541.5 ........................................................................................................5

29 C.F.R. § 541.601(a) ...............................................................................................11

29 U.S.C. § 213(a) .................................................................................................5, 11

29 U.S.C. § 216(b) .......................................................................................................5

29 U.S.C. §§ 206, 207 ..................................................................................................4

531 U.S. 929 (2000)...................................................................................................12

8 Cal.C. Regs. § 11040(a)(D) .....................................................................................10

Business and Professions Code §§ 17200 *et seq.* ...................................... 2, 8, 17

Cal. Lab. Code § 201 .............................................................................................11, 13

Cal. Lab. Code § 202 ...............................................................................................6, 13

Cal. Lab. Code § 204 .........................................................................................6, 11, 13

Cal. Lab. Code § 206 ...............................................................................................4, 6

Cal. Lab. Code § 207 ...............................................................................................4, 6

Cal. Lab. Code § 2800 ................................................................................................6

Cal. Lab. Code § 2802 ............................................................................................5, 6

Cal. Lab. Code § 510 ...............................................................................................4, 6

Cal. Lab. Code § 512(a) ..............................................................................................6

## OTHER AUTHORITIES

F.R.C.P. 56(d)(2) ........................................................................................................6

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

## I.    INTRODUCTION

Plaintiffs' Complaint[1] is essentially identical to a Complaint filed in Alameda County Superior Court in 2005 by Jason Mevorah. That lawsuit was removed to federal court and has been litigated in federal court as part of *In re Wells Fargo Home Mortgage Overtime Pay Litigation* (*"In re Wells Fargo"*).  Despite its being intertwined with that federal court litigation, and over two dozen other cases pending in federal court, Plaintiffs seek remand of this action to state court.  As discussed herein, remand would be improper and at odds with the federal court litigation in *In re Wells Fargo*.

Despite asserting claims under state law, the core issue in Plaintiffs' Complaint, as in *Mevorah's,* is whether Home Mortgage Consultants ("HMCs") are exempt under federal law.  The reason is simple: the California commissioned sales exemption clearly applies because commissions constitute more than one half of HMC compensation and they earn more than one and a half times the minimum wage.  In contrast, most courts that have addressed the issue have held that the federal commissioned sales exemption is not available to financial services companies because they are held not to be "retail or service" establishments, a limitation that does not exist under California law.  Thus, Plaintiffs' Complaint, and *Mevorah's*, essentially involve litigation of three federal exemptions: the outside sales, administrative, and highly compensated exemptions.

If there were any doubt about what is really at issue here, when Plaintiffs' counsel, the Initiative Legal Group ("ILG"), was asked to drop their federal law claim, ILG responded it would be "malpractice" to do so.  Indeed it would.  Yet, ILG contends that this Complaint should nevertheless stand apart from the related federal court litigation and be remanded to state court.

It should be noted that after five years of federal court litigation, the *Mevorah* action was decertified.  Counsel representing the former class has filed 29 individual lawsuits on behalf of HMCs in federal court.  However, in the wake of this decertification, ILG filed this lawsuit and six

---

[1]    Wells Fargo calls to the Court's attention that it filed on August 16, 2010, a motion to stay this action pending the hearing of the Judicial Panel on Multidistrict Litigation of Wells Fargo's motion to transfer and coordinate this with the three other actions.  (Declaration of Lindbergh Porter, ¶ 6)  A stay is appropriate to prevent inconsistent rulings on this and other motions in this and other pending federal actions.  A deferment of this motion to remand therefore is appropriate.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

CASE NO. C10-03466-SI

others, representing over 450 HMCs, in state court.

Based on the Fair Labor Standards Act ("FLSA") claim ILG now pleads, Wells Fargo removed this Complaint – as it had the *Mevorah* Complaint – to federal court, where all the non-ILG HMC litigation is pending.  Not wanting to be in federal court, ILG now moves on behalf of Plaintiffs to remand the Complaint based on a theory that it has sufficiently disguised the alleged FLSA violation as an Unfair Competition Law ("UCL") claim, Business and Professions Code sections 17200, *et seq.*, so as to prevent removal.  Plaintiff is wrong for two separate reasons:

**Complaint Arises Under Federal Law.**  There are two separate reasons Plaintiffs' sixth cause of action arises under federal law.  First, federal law creates the cause of action because Plaintiffs seek recovery under the UCL based on a violation of the FLSA.  Second, because Wells Fargo's HMCs would be exempt under the state commissioned sales exemption, Plaintiffs' recovery of overtime and minimum wage is entirely dependent on whether or not they are exempt under the FLSA.  Plaintiffs expressly allege that Wells Fargo's "policies and practices of failing to pay overtime and minimum wage violate [the] Fair Labor Standards Act..."  Complaint ¶ 61.  As such, Plaintiffs' overtime claims raise a substantial question of federal law.

**Complaint Removable Pursuant to the Artful Pleading Doctrine.**  Even if a federal question were not pleaded on the face of the Complaint – which it is – Plaintiffs' action would still be removable pursuant to the Artful Pleading Doctrine.   As noted above, Plaintiffs' only real claim for overtime is pursuant to the FLSA and not the state overtime exemptions.

The Wells Fargo cases concerning whether HMCs are entitled to overtime under the FLSA and state law have been, and still are, being adjudicated in federal court.  This Court should not countenance ILG's attempt to forum shop by attempting to disguise its FLSA claim as a state cause of action.  ILG's motion to remand should accordingly be denied.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

2.

CASE NO. C10-03466-SI

## II.   FACTUAL BACKGROUND

### A.   The *Mevorah* Action Was Removed To Federal Court, Which Certified A Class Of California HMCs To Adjudicate FLSA Claims.

In 2005 Jason Mevorah filed a putative class action against Wells Fargo challenging Wells Fargo's classification of its California HMCs as exempt from overtime.  This action was originally filed in Alameda County Superior Court, in which it alleged various causes of action under the UCL based on predicate violations of the California Labor Code.  *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 571 F. 3d 953, 955 (9th Cir. 2009).  Mevorah also alleged "that Wells Fargo engaged in unfair and unlawful business practices in violation of California's [UCL] by violating various parts of the [FLSA]."  The *Mevorah* action was removed to federal court.  *Id.*

The case has remained in federal court after removal five years ago.  *See* Declaration of Lindbergh Porter, Jr. ("Porter Decl.") ¶ 4.  Plaintiffs in the *Mevorah* Action moved for class certification and Wells Fargo opposed by pointing "to a number of exemptions under the FLSA (applicable through the UCL) and California labor law that would require individualized inquiries." *In re Wells Fargo*, 571 F. 3d at 956.  Nevertheless, the district court certified a class of California HMCs.  *Id.*

### B.   The Ninth Circuit Decision Decertified The California Class.

The Ninth Circuit reversed the district court's class certification order because "individual inquiries would be necessary with respect to" the exemptions asserted by Wells Fargo, including the federal outside salesperson exemption.  *In re Wells Fargo*, 571 F. 3d at 956.  That in turn "would require an analysis of the job experiences of the individual employees, including the amount of time worked by each HMC, how they spend their time, where they primarily work, and their levels of compensation."  *Id.*  On remand, the district court decertified the California class of 6000 HMCs, finding that whether Wells Fargo correctly classified its HMCs as exempt, especially pursuant to the outside salesperson exemption, could not be determined on a class-wide basis.  *See In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2010 U.S. Dist. LEXIS 3132, *29 (N.D. Cal., Jan. 13, 2010).  *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F. 3d 935 (9th Cir.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

3.

CASE NO. C10-03466-SI

2009) (affirming denial of class certification of home loan originators).

### C.   Individual HMC Lawsuits Challenging Their Classification Are Pending In Federal Court.

In the wake of the district court decertifying the California class of HMCs, counsel for that now decertified class has filed 29 individual plaintiff actions in federal court, consistent with the District Court's decertification Order.  *See* Porter Decl. ¶ 4.  There is no question that these lawsuits belong in federal court as did the *Mevorah* class action complaint because the crux of the dispute is whether HMCs are exempt under federal law.  The decertification order speaks only to the issue of whether the claim can be pursued on a class basis or must be individually prosecuted.  *See In re Wells Fargo*, 2010 U.S. Dist. Lexis 3132.  Federal jurisdiction remains.

### D.   ILG Files The Present Action In Several State Courts To Avoid Federal Jurisdiction.

In sharp contrast, ILG filed seven actions in state court purported "individual" actions on behalf of over 400 HMCs from the former class.  *See Strickland, et al. v. Wells Fargo Bank*, Case No. CDC-10-500064 (S.F. County) (98 Plaintiffs); *Williams, et al. v. Wells Fargo Bank*, Case No. BC438024 (L.A. County) (98 Plaintiffs); *McLane, et al. v. Wells Fargo Bank*, Case No. 30-2010-00377574 (Orange County) (98 Plaintiffs); *Greene, et al. v. Wells Fargo Bank*, Case No. RG10522400 (Alameda County) (99 Plaintiffs); *Sosa, et al. v. Wells Fargo Bank*, Case No. RIC10011491 (Riverside County) (34 Plaintiffs); *Bhalla, et al. v. Wells Fargo Bank*, Case No. 110CV176172 (Santa Clara County) (62 Plaintiffs); and *Gagliano, et al. v. Wells Fargo Bank*, Case No. CIVDS 1008071 (San Bernardino County) (3 Plaintiffs).  *See* Porter Decl. ¶ 5.  All seven complaints allege the same six causes of action using the exact same allegations in support of those causes of action.  *Id.*

Their First Cause of Action alleges misclassification of Plaintiffs as exempt under California law, Labor Code sections 510 and 1198.  Complaint ¶¶ 25-33.  Then in their Sixth Cause of Action Plaintiffs – like Mevorah before them – allege that "Defendants' policies and practices of failing to pay overtime and minimum wages violate Fair Labor Standards Act, 29 U.S.C. sections

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

4.

CASE NO. C10-03466-SI

206, 207." *Id.* at ¶ 61.  Section 206 of the FLSA requires that all non-exempt employees be paid minimum wage.  Section 207(a)(1) requires overtime once an employee works longer than forty hours in a workweek.  However, within certain subsections of section 207 and in other sections of the FLSA and its corresponding regulations, various exemptions to this overtime and minimum wage requirement are provided.  *See, e.g.,* 29 U.S.C. § 213(a); 29 C.F.R. § 541.5 (outside salespersons).[2]

### E.   Wells Fargo Removed This Action To Federal Court And ILG Admits It Would Be Malpractice To Omit Its Federal Claim.

Wells Fargo removed this action to this Court because it has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b).  When Plaintiffs' counsel sought a stipulation to remand this action on the basis that supposedly no federal law claim was alleged, defense counsel asked whether Plaintiffs would amend their Complaint to delete their allegation that Wells Fargo's classification of Plaintiffs as exempt violated the FLSA.  *See* Declaration of Alison Hightower ("Hightower Decl.") ¶ 2.  Plaintiffs' counsel not only refused to do so, they admitted it would be "malpractice" to do so and that "no competent attorney" would omit this FLSA claim, thus conceding that the California exemption claims are transparently weak.  *Id.*  Counsel also conceded that at trial they would attempt to prove that Wells Fargo misclassified the Plaintiffs as exempt and would seek restitution for overtime.  *Id.*  Plaintiffs thus ***squarely place at issue*** whether federal law has been violated.

## III.   ARGUMENT

### A.   Wells Fargo Is Entitled To Remove The Complaint Because Plaintiff's Sixth Cause Of Action Arises Under Federal Law.

A state action may be removed to federal court based on original federal-question jurisdiction if the action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).  A claim "arises under" federal law if (1) federal law creates the cause of action *or* (2) plaintiff's right to relief depends upon resolution of a

---

[2]   Three of Plaintiffs' four other causes of action are derivative of their contention that they were misclassified as exempt and thus entitled to overtime.  Their Second Cause of Action for unreimbursed business expenses pursuant to Labor Code section 2802, as discussed *infra*, is the only one that is not derivative.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

5.

CASE NO. C10-03466-SI

substantial question of federal law. *See, e.g., Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Because Plaintiffs have alleged a violation of the FLSA in their sixth cause of action, removal is proper under either theory of removal.

### 1. Plaintiffs' Sixth Cause Of Action For Violation Of The FLSA Creates The Federal Cause Of Action.

Plaintiffs' sixth cause of action alleges five separate claims for injunctive relief, including restitution. Specifically, Plaintiffs allege claims for: (1) a failure to pay proper compensation under Labor Code sections 510 and 1198; (2) additional compensation for alleged missed meal and rest breaks under Labor Code sections 226.7 and 512(a); (3) reimbursement of business-related expenses under Labor Code sections 2800 and 2802; (4) penalties for an alleged failure to timely pay Plaintiffs their wages under Labor Code sections 201, 202 and 204; and (5) failure "to pay overtime and minimum wages violate [the FLSA] sections 206, 207." Complaint ¶ 61. Each of these claims is separate from the other because a finding of liability on one of the claims does not affect liability as to the others. For instance, a finding of liability against Wells Fargo for not properly reimbursing its HMCs for all business expenses (under Labor Code section 2802) is entirely separate, and subject to a separate motion for summary judgment, from Plaintiffs' claim that they are entitled to overtime and minimum wages because of Wells Fargo's alleged violation of the FLSA. *See* F.R.C.P. 56(d)(2) (summary adjudication on liability for a claim).

Whenever a separate and independent claim arising under federal law is joined with one or more nonremovable claims, "the entire case may be removed and the district court may determine all issues therein ...." 28 U.S.C. § 1441(c). For instance, even if a plaintiff alleges a federal claim for money damages that is joined with a claim for injunctive relief for which plaintiffs lack standing to sue, the federal claim is treated as a separate action and hence removable pursuant to Section 1441(c). *See Langford v. Gates*, 610 F. Supp. 120, 122 (C.D. Cal. 1985). In this regard, a claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles County*, 216 F. 3d 837, 840 (9th Cir. 2000). Under the Federal Rules, a party asserting several theories of recovery based on the same set of circumstances may set forth

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

6.

CASE NO. C10-03466-SI

each theory in one count or separate counts. *See American Int'l Adjustment Co. v. Galvin*, 86 F. 3d 1455, 1460 (7th Cir. 1996). Thus, in analyzing the UCL in *National Credit Reporting Assn. v. Experian Information Solutions, Inc.*, 2004 U.S. Dist. Lexis 17303 (N.D. Cal., July 21, 2004), the district court held that "[e]ach type [of claim] is a separate and distinct theory from which to assert a violation of [the UCL]." *National Credit*, 2004 U.S. Dist. 17303 at *7.

Plaintiffs have alleged a claim for overtime pursuant to the FLSA. *See* Complaint ¶ 61. There can thus be no dispute that Plaintiff has alleged a federal cause of action. Wells Fargo accordingly had federal question jurisdiction to remove the action to federal court. Plaintiffs' motion to remand should be denied.

**2.      Likewise, Because Plaintiffs' Right To Relief Necessarily Depends On A Resolution Of The FLSA, Removal Was Proper And Plaintiffs' Motion To Remand Should Be Denied.**

As discussed above, a defendant may also remove a complaint if a plaintiff's right to relief depends upon resolution of a substantial question of federal law. *See, e.g., Franchise Tax Board*, 463 U.S. at 27-28. "A claim raises a substantial federal question when its resolution requires reference to or interpretation of federal law." *Hendricks v. Dynegy Power Marketing, Inc.*, 160 F. Supp. 2d 1155, 1162 (S.D. Cal. 2001). Because Plaintiffs' overtime claim is entirely dependent on an interpretation of the FLSA, this provides Wells Fargo with an additional ground for removing the present action based on federal question jurisdiction. Plaintiff's motion to remand should accordingly be denied.

As Plaintiffs essentially admit in their Motion, their claims are intertwined with their core allegation that Wells Fargo allegedly misclassified them as exempt from overtime compensation. *See* Plaintiffs' MPAs 8:16-17. Plaintiffs' Third Cause of Action asserts that wages earned and unpaid – including unpaid overtime – were not paid upon separation of employment. Complaint ¶¶ 39-44. Their Fourth Cause of Action alleges that Wells Fargo failed to timely pay overtime compensation. *Id.* ¶¶ 45-50. Their Fifth Cause of Action asserts that Wells Fargo's wage statements were incomplete and inaccurate because their hours worked and hourly rates of pay were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

7.

CASE NO. C10-03466-SI

1   not specified, as required for non-exempt employees.  *Id.* ¶¶ 51-57.  Finally, Plaintiffs' Sixth Cause

2   of Action includes each of these claims as purported "wrongful" or "unlawful" "business acts and

3   practices" that allegedly violate the UCL.  *Id.* ¶¶ 58-63.  Plaintiffs seek "restitution of unpaid wages

4   to Plaintiffs and prejudgment interest from the day such amounts were due and payable."  Complaint

5   ¶ 26.

6          Although Plaintiffs have alleged an FLSA minimum wage and overtime claim under

7   the UCL, that statute does not convert their federal claim into a state claim.  The Ninth Circuit and

8   several district courts continue to recognize that a federal court should exercise federal question

9   jurisdiction over a UCL claim that is based upon an alleged violation of federal law that requires

10  *interpretation* of that federal law.  *See, e.g., Brennan v. Southwest Airlines,* 134 F. 3d 1405, 1409

11  (9th Cir. 2004) (federal jurisdiction upheld when UCL claim in its essence required interpretation of

12  federal tax codes); *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F. 3d 831, 841 n.6 (9th

13  Cir. 2004) (since "the reference to and necessity of relying upon federal law is unavoidable" to

14  determine whether the plaintiffs acted "unlawfully" or "unfairly" under section 17200, federal

15  jurisdiction upheld).

16         In this respect, *National Credit*, *supra*, is squarely on point.  There, the plaintiff

17  alleged a UCL claim, based upon "unlawful" conduct that "violates state and federal antitrust laws

18  ...."  *National Credit*, 2004 U.S. Dist. Lexis 17303 at *3.  Noting that "'[the UCL] borrows

19  violations of other laws and treats them as unlawful practices that the unfair competition law makes

20  independently actionable,'" the court found that plaintiff squarely alleged a violation of federal

21  antitrust laws by its reliance on those federal laws as the "unfair, unlawful and deceptive" acts to

22  state its UCL claim.  *Id*. at *8, *quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular*

23  *Telephone Co*., 20 Cal. 4th 163, 180 (1999).  As the district court explained:

24              As the master of its complaint, plaintiff could have avoided any issue
                of federal question and, instead, could have simply borrowed state
25              antitrust laws.  But it did not.  ***Rather, plaintiff's claim for unlawful***
                ***business practices necessarily rests on questions of federal antitrust***
26              ***law.***

27

28  *Id*. at *8-9 (emphasis supplied).  Likewise, in *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND                    8.                    CASE NO. C10-03466-SI

35568 (N.D. Cal., May 3, 2005), another California district court also denied a motion to remand an action seeking restitution of overtime under the UCL where a violation of the FLSA was the "unlawful act" borrowed for purposes of the UCL. The court noted that plaintiffs did not refute that he was pursuing his federal claim for overtime under the FLSA, and the analysis of whether Defendant's sales personnel fall within the FLSA's "inside salesperson" exemption "*is precisely this analysis that establishes federal question jurisdiction*." *Id*. at \*7-8 (emphasis supplied).

Since Plaintiffs' UCL claim necessarily rests on questions of federal wage and hour law, Plaintiffs have raised a substantial federal question and, by so doing, have provided this court with federal question jurisdiction for purposes of removal.

**B.      In Any Event, The Artful Pleading Doctrine Permits Removal Of This Action Based On Plaintiffs' Allegations Seeking Overtime And Minimum Wage Under Federal Law.**

When a plaintiff does not plead a claim on its face based on federal law, a federal court may nevertheless exercise removal under the "artful pleading" doctrine. *See Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual. Of the State of Montana*, 213 F. 3d 1108, 1114 (9th Cir. 2000). As such, even if federal question jurisdiction was not alleged on the face of the complaint, Wells Fargo would still be able to remove the present action based on the artful pleading doctrine.

**1.      A Plaintiff Cannot Defeat Removal By Disguising A Federal Claim As A State Claim.**

A plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1389 (9th Cir. 1989); *Franchise Tax Bd.,* 463 U.S. at 22. The artful pleading doctrine requires courts to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacterizing a plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Serv., Inc.*, 350 F. 3d 1033, 1040 (9th Cir. 2003). The artful pleading doctrine applies where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13; *Skelly Oil Co. v. Phillips*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

9.

CASE NO. C10-03466-SI

1   *Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876 (1950); *Brennan*, 134 F. 3d at 1409.

2   The artful pleading doctrine specifically applies to a UCL claim that is based upon an

3   alleged violation of federal law.  As noted above, although the plaintiff in *National Credit* alleged a

4   UCL claim based upon "unlawful" conduct that "violates state and federal antitrust laws," he did not

5   specifically allege a cause of action pursuant to the Sherman Act.  *National Credit*, 2004 U.S. Dist.

6   Lexis 17303 at *3-4.  Nevertheless, the court applied the artful pleading doctrine to find that federal

7   question jurisdiction existed.  *Id*. at *8.  The court in *National Credit* summed up its conclusion:

8   "Plaintiff has made a Sherman Act bed and must now lie in it."  *Id*. at *16.

9   Likewise, the California district court in *Wiley* used the artful pleading doctrine to

10  deny a motion to remand an action that sought restitution of overtime under the UCL based on a

11  violation of the FLSA.  *Wiley*, 2005 U.S. Dist. Lexis 35568 at *8-9.  Relying on the same Ninth

12  Circuit precedent as cited by the court in *National Credit*, the court held that the FLSA claim within

13  the UCL established federal jurisdiction because "Plaintiffs do not – and cannot – deny that their

14  entitlement to relief under their first cause of action depends on whether the Court finds that

15  [defendant's] sales personnel fall within the FLSA's "inside salesperson" exemption."  *Id*. at *7-8.

16  **2.   Like *Wiley* And *National Credit*, Plaintiffs Here Raise Substantial**

17  **Disputed Issues Regarding The FLSA.**

18  Plaintiffs here – like the Plaintiffs in *Wiley* and *National Credit* – allege a UCL claim

19  that is predicated on violations of the FLSA as the asserted "unfair, unlawful and deceptive" acts.

20  As the masters of their complaint, Plaintiffs could have avoided any issue of federal question

21  jurisdiction by simply alleging only violations of state overtime and minimum wage laws.  But they

22  did not.  Rather, Plaintiffs' UCL claim of restitution for overtime necessarily rests on determinations

23  concerning the FLSA.

24  **a.   The FLSA Violation Is Central To Plaintiffs' Claim For Overtime**

25  **Under Either State Or Federal Law.**

26  Plaintiffs are fully aware that at least one California overtime exemption applies to

27  them, namely, the commissioned sales exemption, which merely requires that Plaintiffs' earnings

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

10.

CASE NO. C10-03466-SI

1  exceed one and one-half times minimum wage and more than half of their compensation must

2  represent commissions.  *See* 8 Cal.C. Regs. § 11040(a)(D).  In this regard, Plaintiffs admit in their

3  Complaint that they were paid by commission.  *See* Complaint ¶¶ 13-15.  Thus, in order to maintain

4  that they were misclassified as *nonexempt* employees, Plaintiffs cannot rely on state law but must

5  include a federal claim to keep their overtime and minimum wage claims alive.  By so alleging,

6  Plaintiffs put at issue numerous questions of federal law:

7         1.  Whether each plaintiff was exempt from overtime compensation under

8  the federal outside sales exemption.  *See* 29 U.S.C. § 213(a)(1).

9         2.  Whether Plaintiffs were exempt from overtime compensation under

10  the federal administrative exemption.  *See* 29 U.S.C. § 213(a)(1).

11         3.  Whether each plaintiff was exempt from overtime compensation under

12  the federal highly compensated exemption.  *See* 29 C.F.R. § 541.601(a).

13       Although there are doubtless numerous sub-issues that must be resolved to determine

14  whether each of these exemptions applies to each of the 98 Plaintiffs in the present action.  Only by

15  determining the applicability of the federal overtime exemption, however, can the court decide

16  whether plaintiffs are entitled to the relief they seek – an award of back pay (minimum wage and

17  overtime).  *See* Complaint ¶ 26.

18         **b.**  **Indeed, The FLSA Is Central To All Of Plaintiffs' Causes Of**
19             **Action Save One.**

20       Plaintiffs still cannot credibly deny that the alleged violations of the FLSA are the

21  crux of the UCL claim even if they could throw every alleged Labor Code violation into their UCL

22  claim.  Most of these state law alleged violations included in the UCL claim rest upon proof that

23  Plaintiffs are not exempt, and thus are not "independent" bases that would render determination of

24  their FLSA claim moot or unnecessary.

25       To show a violation of Labor Code sections 201, 202 and 204,[3] statutes that require

26

27      [3]  Labor Code section 204(a) specifies in pertinent part:  "All wages, other than those mentioned in

28  Section 201, 201.3, 202, 204.1 or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

11.

CASE NO. C10-03466-SI

prompt payment of wages and payment of all final pay upon separation, Plaintiffs will need to prove that they were entitled to overtime and minimum wage before they can get to the issue of whether these monies were timely paid. And to show that Wells Fargo violated California Labor Code section 226(a)[4] by not including hourly rates and hours worked, Plaintiffs will have to demonstrate that they should have been classified as non-exempt to prove that this information should have been provided on their wage statement. *See Elliot v. Spherion Pacific Work*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008). The only claim that has no connection to their demand for overtime is their claim for reimbursement of business expenses under Labor Code section 2802, and that claim has a separate cause of action (Second Cause of Action). Therefore, the only purpose for including the UCL statute in the claim is to extend the statute of limitations. That single claim should not be the tail that wags the dog to defeat federal jurisdiction.[5]

Second, the FLSA provides certain remedies for failure to pay overtime, and state laws that seek to impose waiting time penalties or other additional remedies for violating the FLSA are preempted by the FLSA under a conflict preemption doctrine. As the Ninth Circuit held, "[state law] claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000), *cert. denied*, 531 U.S. 929 (2000). To accomplish the objective of the FLSA to provide "comprehensive statutory remedies" [*id.*], state laws such as Arizona's statutory waiting time penalty are preempted by the FLSA when the only violation of overtime law is based on the FLSA and such state law penalties are sought in addition to those remedies provided by the FLSA. *See Wood v.*

[4]   Section 226(a) provides in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdividsion (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned..., (4) all deductions..., (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee..., (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....."

[5]   As noted in Wells Fargo's pending motion to dismiss, Wells Fargo settled a class action brought by HMCs alleging failure to reimburse business expenses, and thus few if any of these plaintiffs are likely to have viable claims now.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND                    12.                    CASE NO. C10-03466-SI

*TriVita, Inc.*, 2008 U.S. Dist. Lexis 109368 (D. Ariz. Sep. 17, 2008) (FLSA preempts state statute imposing penalty for late pay); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. 2010) (same). The California Labor Code provisions Plaintiffs rely upon here likewise cannot expand or conflict with the remedies Congress provided in the FLSA.

Third, resolution of the FLSA issues would remain pivotal even if this or some other state law could be shown to be "unlawful" and was neither preempted nor tethered to overtime and minimum wage violations. At trial Plaintiffs would seek a judgment determining whether the FLSA was violated *regardless of whether they prevailed on the other state law violations*, because only by proving that Plaintiffs were misclassified as exempt could Plaintiffs recover restitution of unpaid overtime and minimum wage. The penalties and damages available for violation of the other state laws asserted would not include such Labor Code section 201, 202 or 204 sums. Plaintiffs' claim that Wells Fargo violated the FLSA therefore is not merely tangential or insignificant to this dispute. To the contrary, the FLSA is *pivotal* to the judgment Plaintiffs seek. Since they have elected to litigate these substantial, disputed federal questions, federal jurisdiction applies, and Wells Fargo was entitled to remove the action.

### c. The *Williams* Decision Should Not Be Followed Because That Court Misconstrued The Facts And The Law.

Plaintiffs ask this Court to follow the decision of Judge Anderson, who granted Plaintiffs' motion to remand in the *Williams* case on the papers. Judge Anderson's opinion, however, misreads Plaintiffs' complaint and the governing law. First, Judge Anderson states that "there is no indication in the complaint that this misclassification is based on exemptions set forth in federal law, as opposed to California law." (Opinion at p. 3) Respectfully, we note that Plaintiffs' Complaint squarely and unambiguously pleads that "Defendants' policies and practices of failing to pay overtime and minimum wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." Complaint,¶ 61. By so alleging, federal overtime exemptions necessarily are placed at issue, since the FLSA specifically states in section 213, "[t]he provisions of section 206 ... and section 207 of this title shall not apply with respect to [various overtime exemptions]."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

13.

CASE NO. C10-03466-SI

Second, Judge Anderson dismissed *National Credit Reporting* and *Wiley* as inapposite, believing plaintiffs there did not allege both a state and federal law violation under their UCL claims.  In this respect, Judge Anderson was also mistaken for two reasons.  One, the plaintiff in National Credit alleged a single cause of action under the UCL, and in that claim stated "Defendants' wrongful conduct described above (i) violates both state and federal antitrust laws...." 2004 U.S. Dist. Lexis 17303 at *3. The claim in *National Credit* was therefore indistinguishable from Plaintiffs' claims here, which also allege that Defendant misclassified and deprived them of overtime under both state and federal law.

Third, the tactic of including a state law claim within a UCL claim must not be allowed to circumvent federal question jurisdiction where there is, as here, a substantive federal law claim also included in the same UCL claim.  Here, for example, if Plaintiffs prevail on their state law-based UCL claim for restitution for unreimbursed business expenses, such a ruling would not resolve their claim for overtime and minimum wage under the FLSA.  To resolve Plaintiffs' FLSA overtime claim, the FLSA must be interpreted, regardless of what state laws they also allege under the UCL.  Wells Fargo respectfully submits that Judge Anderson did not consider that Plaintiffs expressly and necessarily included a claim premised on the substantive FLSA violation.  Plaintiffs purposefully did so because the FLSA does not have the "so-called inside sales" exemption that California does.  Without the FLSA claim,  Plaintiffs would not have a maintainable  overtime claim in the face of Defendant's exemption defenses.  As Plaintiffs have already admitted, "there is really one crucial fact from which all Plaintiffs' statutory claims for relief derive: Wells Fargo's [alleged] misclassification of Plaintiffs as 'exempt' employees...." Plaintiffs' Opposition to Defendant's Motion to Dismiss, on file herein, p. 2, lines 23-25.

In short, Plaintiffs squarely seek a determination of their right to overtime under federal law, and federal question jurisdiction therefore is established.

**d.    Plaintiffs Mistakenly Rely Upon Case Authority Where Plaintiffs Did Not Present Substantial Federal Questions For Resolution.**

Plaintiffs seek to evade federal jurisdiction by relying on three cases, all of which

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

14.

CASE NO. C10-03466-SI

present far different circumstances from those here.  In none of those cases did the plaintiffs present disputed substantial questions of federal law that needed to be resolved to determine liability or obtain relief.[6]

First, Plaintiffs mistakenly rely upon *Lippitt v. Raymond James Financial Services*, 340 F. 3d 1033 (9th Cir. 2003).  That action challenged defendants' marketing of certain types of certificates of deposit as false advertising, which formed the basis for the allegedly unfair or unlawful business practice under the California UCL.  Defendants removed, claiming exclusive federal jurisdiction under the Securities Exchange Act because supposedly the UCL claim sought to enforce New York Stock Exchange rules and regulations under that Act.  The Ninth Circuit held that federal question jurisdiction did not arise because the suit did not "directly challenge a right or liability under the Exchange Act – it merely challenged defendants' purportedly deceptive sales tactics under California state law." *Id*. at 1044.  The court emphasized, "a state court need not inquire into NYSE regulations, or even refer to federal law, in the case before us." *Id*. at 1045.  The plaintiff's right to relief did not depend on the resolution of a substantial, disputed federal question. *Id*. at 1046.  No "basic" or "pivotal" federal question – as opposed to one that was "collateral," "merely possible" or "attenuated" – was raised that impinged on his right to relief. *Id*. at 1045.

Similarly, Plaintiffs rely on *Roskind v. Morgan Stanley Dean Witter*, 165 F.Supp.2d 1059 (N.D. Cal. 2001), in which the plaintiff alleged that a securities broker breached its fiduciary duty and engaged in an unfair business practice when it failed to promptly execute plaintiff's sell order and instead sold its own shares at a better price than plaintiff's.  The UCL claim was predicated solely on a state law false advertising claim.  As in *Lippitt*, Morgan Stanley attempted to grasp onto securities laws (specifically National Association of Securities Dealers' ["NASD"] rules) to assert federal question jurisdiction.  That attempt failed because "establishing a violation [of NASD rules] is not a necessary element of plaintiff's claims." *Id*. at 1067.  Whether Morgan Stanley

---

[6] Plaintiffs also cite *Taiwan Semiconductor Mfg Co., Ltd. v. Semiconductor Mfg Intern'l Corp.*, 2004 U.S. Dist. Lexis 29717 (N.D. Cal. 2004).  That case is of no assistance to them because there the UCL claim was "based entirely on the allegation that defendants misappropriated trade secrets." *Id*. at *21 n. 4.  The court did not remand the case, it simply declined to assume supplemental jurisdiction over that trade secret claim because there was little overlap between them and the federal patent claims.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1   engaged in unfair practices did not require proof of a violation of the NASD rules.  *Id.*

2              Lastly, Plaintiffs rely on *Rains v. Criterion Systems, Inc.*, 80 F. 3d 339 (9th Cir.

3   1995).  Plaintiff there alleged he was wrongfully terminated in violation of public policy, which

4   allegedly was for refusing to adopt certain religious beliefs.  Although the Complaint mentioned that

5   it arose "under the laws of the United States" and cited Title VII, Rains did not need to prove a

6   violation of Title VII to prevail on his state law claim.  Title VII was referenced as a mere ***source*** of

7   public policy supporting the state law wrongful termination claims.  *Id.* at 344.  Further, "Title VII

8   was not a necessary element of the state law claim because state law independently espouses the

9   same public policy established by Title VII."  *Id.* at 345.  The court noted that under defendant's

10  theory, the employer could remove on the basis that the federal policy gave rise to federal

11  jurisdiction under the artful pleading doctrine any time a plaintiff alleged wrongful termination in

12  violation of a public policy where a state policy was similar to a federal policy.  *Id.* at 347.

13             Plaintiffs here seize upon some language from *Rains* to argue out of context that their

14  Complaint is analogous.  They assert that if they can support their claim "with alternative and

15  independent theories – one of which is a state law theory and one of which is a federal law theory –

16  federal jurisdiction does not attach."  However, in context, to prove termination in violation of public

17  policy, plaintiff Rains had no obligation to prove that *any* federal law – including Title VII – had

18  been violated to prevail.  *Id.* at 342.  It was critical to that court's analysis that "state law

19  independently espouses the same public policy established by Title VII," thus rendering Title VII

20  non-essential to determining liability.  *Id.* at 345.  Further, reliance on state law to establish the

21  relevant public policy was wholly "self-sufficient" because Rains' claim for wrongful termination

22  was wholly supported by the California Constitution, rendering Title VII unnecessary to determine

23  whether he had been wrongfully terminated and to provide him with complete relief.  Not so here.

24             Plaintiffs are not espousing the FLSA as a non-essential element of their UCL claim

25  that can be ignored at trial.  They are seeking restitution of overtime and minimum wage under the

26  FLSA and they do so precisely because they acknowledge that they are not likely to prevail under

27  California overtime law.  They therefore intend to fully litigate whether any federal overtime

28  exemption applies to them, raising substantial, basic, pivotal and necessary federal questions, not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

16.

CASE NO. C10-03466-SI

1 "attenuated," "collateral" or "merely possible" federal issues. *Lippitt*, 340 F.3d at 1045. That is why

2 their counsel admitted removing the allegation of FLSA violations from the Complaint would be

3 "malpractice." Plaintiffs are thus akin to the plaintiffs in *Wiley* and *National Credit*, both of which

4 pled claims that raised serious, substantial and disputed federal questions to be resolved under the

5 framework of a UCL claim. Plaintiffs' motion to remand therefore should be denied.

6
7 **C.    Supplemental Jurisdiction Is Appropriate Since Plaintiffs Concede Their State Law Claims Are Intertwined With Their Federal Claim.**

8 Since Plaintiffs' Complaint raises significant disputed federal issues regarding

9 Plaintiffs' asserted entitlement to overtime and minimum wage, this Court should exercise

10 supplemental jurisdiction over the remaining state law claims. To do so, the state and federal claims

11 must "derive from a common nucleus of fact" so that a party "would ordinarily be expected to try

12 them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725

13 (1966).

14 Plaintiffs concede that all their claims arise from a common nucleus of fact. *See*

15 Plaintiffs' MPAs 8:16-17. The witnesses to their claims of unpaid overtime and minimum wage

16 would overlap substantially the witnesses for their other claims. And if Wells Fargo correctly

17 classified Plaintiffs as exempt from overtime and minimum wage law, there would not be any

18 violation of California statutes that require prompt payment of wages during employment, payment

19 of all wages upon termination, or obligation to state the number of hours worked or an hourly rate on

20 paystubs. Litigation of all of these claims in one proceeding therefore is the most efficient and

21 logical approach, and Plaintiffs agree. Wells Fargo therefore requests that this Court exercise its

22 discretion to accept supplemental jurisdiction of Plaintiffs' state law claims.

23 **IV.    CONCLUSION**

24 No amount of sophistry can mask the simple fact that Plaintiffs seek to litigate

25 whether they were classified properly as exempt employees under federal law. They had the choice

26 to rest their Section 17200 claim entirely on state wage and hour law, but they chose instead to

27 allege violations of federal wage and hour law. Since resolution of their claims will require

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND                    17.                    CASE NO. C10-03466-SI

1   determining whether Wells Fargo was entitled to rely on at least one of several federal overtime

2   exemptions, substantial and disputed issues of federal law must be resolved.  They cannot disavow

3   their federal claim to avoid removal at the same time they seek recovery based on the federal laws

4   governing overtime.   To paraphrase the court in *National Credit*, Plaintiffs have made a federal

5   FLSA bed and must now lie in it.  Plaintiffs' motion to remand should be denied.

6

7   Dated: September 10, 2010

8

9                                              /s/ *Lindbergh Porter*
                                               LINDBERGH PORTER
10                                             LITTLER MENDELSON
                                               A Professional Corporation
11                                             Attorneys for Defendant
                                               WELLS FARGO BANK, N.A.
12

13   Firmwide:97263876.1 051995.1028

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND                    18.                    CASE NO. C10-03466-SI